ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY ~ 6 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Sherrie Hampton-Muhamed,
Plaintiff,

vs.

| | |
|---|---|
| James B Nutter & Company | Civil Action No. 1:13-CV-03659  |
| James B Nutter, Jr., CEO | |
| Keith Ward, CFO | |
| Bruce Huey, VP | **AMENDED COMPLAINT FOR** |
| Al Pitzner, VP Compliance | **DAMAGES FOR:** |
| Ronald R. Wolfe & Associates, P.L. | |
| Ronald R. Wolfe, Esquire | Violations of 15 U.S.C.§1692, *et seq* |
| Andrea D. Pidala, Esquire | Federal Fair Debt Collection |
| Victoria S. Jones, Esquire | Practices Act |
| Frances Hannon, Esquire | |
| Brian R. Hummel, Esquire | Violations of 12 U.S.C. §2601,*et seq* |
| Luis F. Ugaz, Esquire | Real Estate Settlement Procedures |
| Julie Anthousis. Esquire | Act |
| Sabrina Moravecky, Esquire | |
| Katherine E. Tilka, Esquire | Injunctive Relief |
| Robert Schneider, Esquire | |
| John. J. Phillips, Esquire | |
| Matthew Marks, Esquire | |
| Rhonda K. Lewis, Esquire | **JURY TRIAL DEMANDED** |
| Matthew Wolf, Esquire | |
| Ivan Ivanov, Esquire | |
| Amanda Croteau, Esquire | |

and

JOHN DOES 1-20,
Defendants
_____/

1

## VERIFIED AMENDED COMPLAINT

Plaintiff, Sherrie Hampton-Muhamed, individually, hereby sues Defendants, JB Nutter and any and all named and unnamed employees; and Law Offices of Ronald R. Wolfe & Assocs., PL and their named and unnamed attorneys, for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 et seq., Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601 *et seq.* and to have an Order or injunction issued by this Court preventing Defendants from continuing its violate behaviors. This amended complaint is being filed based on new information and evidence that came to Plaintiff's attention after the first complaint was filed. This evidence was presented in December of 2013 and January 2014 along with being able to identify more of the defendants that had violated the FDCPA.

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*, and the Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq.*

2.   Venue is proper pursuant to 28 U.S.C. §1391b and Venue in this District is proper in that the Plaintiff resides here, one of the Defendants transact business here, and the conduct complained of occurred here in Gwinnett County, Georgia.

2

3.   This is an action for damages which exceed $15,000.00.

4.   All conditions precedent to the bringing of this action has been performed.

## PRELIMINARY STATEMENT

5.   This is an action for actual and statutory damages for violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601 *et seq.* and Injunctive Relief.

6.   This is an action for damages brought by Plaintiff and contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

7.   Plaintiff admits to some technical missteps attributable to the learning curve.   However, none of which is fatal to her claim as will be demonstrated below.   The Plaintiff is proceeding without the benefit of legal counsel.   Additionally, she is not a practicing attorney nor has she been trained in the complex study of law.   As such, Plaintiff's pro se papers are to be construed liberally.   See Haines v. Kerner, 404 U.S. 519-20, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). **the Court should work to assure that any ignorance of law or procedure does not result in an unjust decision; and should not penalize good-faith errors.** "A pro se litigant should be

3

given a reasonable opportunity to remedy defect in (his)her pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.

## PARTIES

8.  The Plaintiff in this lawsuit is Sherrie Hampton-Muhamed, a natural person, who resides in Gwinnett County, Georgia, hereinafter referred to as "Plaintiff".

9.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

10.  The alleged transaction arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.  Plaintiff is a consumer as defined by the FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692a (3) and as executor of her brothers estate under 1692c, being sued for a dead man's debt under 1692d; Plaintiff has been harassed and abused in Defendants attempts to collect this non-existent debt in violation of 15USC 1692c(B) through 1692j.

12. Defendants to include James B Nutter & Co., and their employees, and their counsel Ronald R. Wolfe & Assocs., and their employees, used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. The Defendants in this lawsuit are as follows:

   a. James B Nutter & Co. (hereinafter JB Nutter) is a foreign corporation with an address of Kansas City, Missouri, with a registered agent CT Corporation System, 120 S. Pine Island Road, Plantation, FL 33324, and is authorized to do business in all 50 states. In Florida, James B Nutter is licensed to do business as a lender/servicer, but cannot originate loans (see **Exhibit A**) and has not revealed what entity has given them authorization to collect payments, so for the purposes here is a "debt collector" " as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6). JB Nutter is a third party interloper attempting to collect a debt for HUD/investors, for the unknown creditor/owner of this alleged loan. As a servicer, JB Nutter's business' principle purpose is the collection of debts owed to

others and obtained this alleged debt after it was in default.

b. James B Nutter, Jr. is a natural person and the CEO/owner of JB Nutter and is believed to be a resident of Missouri.  Defendant, "Nutter" is being sued in his individual and official capacity as he is responsible for the actions of all of its employees and for purposes here is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

c. Keith Ward is an alleged CFO of JB Nutter and is believed to be a resident of Missouri.  Defendant, Ward is being sued in his individual and official capacity as a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) (6).

d. Bruce Huey is an alleged Vice President of JB Nutter and is believed to be a resident of Missouri.  Defendant, Huey is being sued in his individual and official capacity as a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) (6).

e. Al Pitzner is an alleged Vice President of JB Nutter and is believed to be a resident of Missouri. Defendant, "Pitzner" is being sued in his individual and official capacity as a "debt collector" as defined by the Fair Debt Collection Practices Act, 15

U.S.C. § 1692a (6).

f.  Ronald R. Wolfe & Associates, P. L., Attorneys at Law (hereinafter "Wolfe & Assocs.") is a Florida law firm and allegedly has been hired by JB Nutter to collect debts on their behalf. Their correspondence to the Plaintiff states that they are "debt collectors". Defendant, Ronald R. Wolfe & Associates, P.L. is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a) (6).

g.  Ronald R. Wolfe is believed to be an attorney and owner of Ronald R. Wolfe & Assocs., P.L., Attorneys at Law (hereinafter "Wolfe"). Defendant, Wolfe is a natural person, resident of Florida being sued in his individual and official capacity, as he is responsible for the actions of all of its employees and a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a) (6).

h.  Andrea D. Pidala is an attorney with Ronald R. Wolfe & Assocs., P.L. Attorneys at Law (hereinafter "Pidala"). Defendant, Pidala is a natural person, resident of Florida and being sued in her individual and official capacity, as a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

7

i. Victoria S. Jones is an attorney with Ronald R. Wolfe & Assocs.,
   P.L., Attorneys at Law (hereinafter "Jones").  Defendant, Jones is
   a natural person, resident of Florida and being sued in her
   individual and official capacity as a "debt collector" as defined by
   the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

j. Frances Hannon is an attorney with Ronald R. Wolfe & Assocs.,
   P.L., Attorneys at Law (hereinafter "Hannon").  Defendant,
   Hannon is a natural person, resident of Florida and is being sued
   in his individual and official capacity, as a "debt collector" as
   defined by the Fair Debt Collection Practices Act, 15 U.S.C. §
   1692(a)(6).

k. Brian R. Hummel is an attorney with Ronald R. Wolfe & Assocs.,
   P.L., Attorneys at Law (hereinafter "Hummel").  Defendant,
   Hummel is a natural person, resident of Florida and being sued
   in his individual and official capacity, as a "debt collector" as
   defined by the Fair Debt Collection Practices Act, 15 U.S.C. §
   1692(a)(6).

l. Luis F. Ugaz is an attorney with Ronald R. Wolfe & Assocs., P.L.,
   Attorneys at Law (hereinafter "Ugaz"). Defendant, Ugaz is a
   natural person, resident of Florida and being sued in his

individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

m. Robert Schneider is an attorney with Ronald R. Wolfe & Assocs., P.L., Attorneys at Law (hereinafter "Schneider"). Defendant, Schneider is a natural person, resident of Florida and being sued in his individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

n. Julie Anthousis is an attorney with Ronald R. Wolfe & Assocs., P.L., Attorneys at Law (hereinafter "Anthousis").  Defendant, Anthousis is a natural person, resident of Florida and being sued in her individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

o. Sabrina Moravecky is an attorney with Ronald R. Wolfe & Assocs., P.L., Attorneys at Law (hereinafter "Moravecky"). Defendant, Moravecky is a natural person, resident of Florida and being sued in her individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

p. Katherine E. Tilka is an attorney with Ronald R. Wolfe & Assocs., P.L.. Attorneys at Law (hereinafter "Tilka"). Defendant, Tilka is a natural person, resident of Florida and being sued in her individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

q. Elizabeth A. Wulff is an attorney with Ronald R. Wolfe & Assocs., P.L. Attorneys at Law (hereinafter "Wulff"). Defendant, Wulff is a natural person, resident of Florida and being sued in her individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

r. John. J. Phillips is an attorney with Ronald R. Wolfe & Assocs., P.L.. Attorneys at Law (hereinafter "Phillips"). Defendant, Phillips is a natural person, resident of Florida and is being sued in his individual and official capacity, as a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

s. Matthew Marks is an attorney with Ronald R. Wolfe & Assocs., P.L.. Attorneys at Law (hereinafter "Marks"). Defendant Marks is a natural person, resident of Florida and being sued in his

individual and official capacity, as a "debt collector", as defined
by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

t. Ivan Ivanov is an attorney with Ronald R. Wolfe & Assocs., P.L..
Attorneys at Law (hereinafter "Ivanov").  Defendant Ivanov is a
natural person, resident of Florida and being sued in his
individual and official capacity, as a "debt collector", as defined
by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

u. Rhonda K. Lewis is an attorney with Ronald R. Wolfe & Assocs.,
P.L., Attorneys at Law (hereinafter "Lewis").  Defendant, Lewis is
a natural person, resident of Florida and being sued in her
individual and official capacity, as a "debt collector", as defined
by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

v. Amanda Croteau is an attorney with Ronald R. Wolfe & Assocs.,
P.L., Attorneys at Law, (hereinafter "Croteau"). Defendant,
Croteau is a natural person, resident of Florida and being sued in
her individual and official capacity as a "debt collector" as defined
by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

w. JOHN DOES 1-20 are undisclosed, unnamed and unknown
investors, participants, corporate or other entities, conduits,
trustees, servicers, custodians, attorneys and others in a scheme

that involve the Defendants and other known and unknown parties who may have or claim an interest in the Plaintiff's property.

14. At all relevant times herein, Defendants acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6) and 1692f(6) in that they held themselves out to be collecting a consumer debt owed to another entity(s), which JB Nutter's counsel has stated is HUD and investors in a Trust.

## FACTUAL ALLEGATIONS

15. Paragraphs 1 through 14 are re-alleged as though fully set forth herein.

16. Plaintiff is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed , or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor

17. The borrower on the alleged debt passed away September 8, 2008.

18. Plaintiff's probate attorney notified all known creditors and filed a publication notice in October of 2008 to ensure all proper parties were informed of the death.

19. A quit claim deed was filed November 26, 2008 by the probate attorney transferring all property rights to Plaintiff and her brother, and was filed in the Clerk of Circuit Court in Sarasota, Florida.

20.  Plaintiff became executor of her brother's estate on February 4, 2009 and was bonded, after hiring a probate attorney to handle the probate matters intestate.

21.  Around the same time Plaintiff still had not found the will and Tanya at JB Nutter assisted in making payment arrangements for February to April 2009.

22.  Plaintiff faxed the death certificate and executor papers to JB Nutter around the 10th of February 2009.

23.  Probate was finalized on March 3, 2010 by Judge Charles E. Williams when Plaintiff's bond was released.

24.  Plaintiff's alleged obligation asserted to be owed or due the debt collector, JB Nutter, is the subject of the transaction incurred primarily for personal, family, or household purposes.

25.  Plaintiff did not incur the alleged obligation asserted to be owed or due JB Nutter.

26.  All Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

27.  Defendants have continually referred to this debt as Plaintiff's debt

and have vigorously and maliciously pursued collection of that alleged debt without proper validation.

28.  Defendants also continue to collect this alleged debt by suing Plaintiff personally in court, without proving they have a legal right to do so.

29.  Plaintiff had numerous phone calls with John Briseno at JB Nutter in March through August of 2012 when thousands of dollars of repairs kept the family from making two payments on the house.

30.  During these conversations in May, 2012 Briseno asked the Plaintiff to resend the death certificate, executor papers and send her official mailing address.

31.  Since there was a tenant in the house we discussed that the situation would only be temporary, but Briseno just threatened to take the house if we didn't make a payment.

32.  Briseno also seemed to be very disturbed that FHA had contacted JB Nutter stating that the borrowers name should have been removed four years ago and JB Nutter had to do something fast.

33.  The payment for May 2012 was made, but the June payment was refused by JB Nutter.  Plaintiff at no time, from September of 2008, assumed her brother's promissory Note and Mortgage and at no time did Defendant JB Nutter attempt to facilitate Plaintiff assuming her deceased brother's

14

Note and Mortgage.

34. Again we talked to Briseno about options including buying the house and were discussing it with Wells Fargo, but Briseno told us since this was not a long arm transaction we could not buy the house.

35. We were threatened again in July of losing the house and were told if two payments were not made by August 1, 2012 they would have to foreclose.

36. Briseno discussed doing a short sale on the house and purportedly mailed the documents but Plaintiff did not receive them.

37. Two payments for $1981.00 were sent on July 11, 2012 but Plaintiff could not get an accounting of when and where these payments were applied or where the credit from her home insurance was applied.

38. During that same, Wells Fargo was requesting Plaintiff get the note and mortgage, title documents, last appraisal, HUD statement, etc. and the real creditor contact information.  In other words the bank was requesting who funded the loan.

39. When Briseno sent some of the documentation, he could not or would not tell us who the real owner was (who funded the loan) and without that information Wells Fargo did not want to move forward.

40. At this time, Plaintiff had a one year lease with a tenant who broke

their lease after stating in August of 2012 that tenants received a letter about foreclosure and were afraid they were going to be thrown out. (copy of lease attached as **Exhibit S**)

41. In September of 2012, Plaintiff still had received no letters about foreclosure or default and was still talking to Wells Fargo about buying the property on Palau Dr.

42.    Once the tenant left, Plaintiff worked with her property manager/realtor to rent the house and signed a contract to sell the house if they could not get another renter, but Plaintiff was warned that if there was an issue with foreclosure they would not be able to rent *or* sell.

43. On October 4, 2012 Plaintiff received her first unsigned written communication from JB Nutter, dated October 1, 2012, stating JB Nutter was initiating legal action and sending information to their attorneys, Wolfe & Assocs.

> *"You may still reinstate your account! However, we caution you to not remit any funds without first contacting the attorney's office listed above, as there will be legal costs and fees in addition to the monthly payments and late charges now due. Absolutely no funds will be accepted unless these additional costs are included. Any remittance must be made in certified funds only".* (letter attached as **Exhibit B**)

44. JB Nutter was requesting funds to reinstate the account and this was

the only written communication Plaintiff received from JB Nutter.

45. JB Nutter **never sent** a Notice of Default or Notice of Intent to collect for this alleged debt in compliance with §1692g(a) to Plaintiff at her current address within 5 days of initial communication.

46. On October 10, 2012 Plaintiff received an acceleration letter from Wolfe & Assocs., dated October 4, 2012 (mailed October 8, 2012) stating Sherrie Hampton-Muhamed **executed a Note and Mortgage** and they were requesting the full amount of the alleged loan $93,953.02 with 30 days to address the situation. The letter stated the following erroneous information:

> *"The law firm of Ronald R Wolfe & Associates, P.L. (hereinafter referred to as "law firm") has been retained to represent JAMES B. NUTTER & COMPANY with regards to its interests in the* **promissory Note and Mortgage executed by SHERRIE HAMPTON-MUHAMED** *on . Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due."* (letter attached as **Exhibit C**)

> The mortgage being used in this debt collection has no acceleration clause and must comply with HUD requirements 24 C.F.R. Part 203(C) that govern the mortgage and meet these requirements before initiating a foreclosure.

47. Plaintiff did not receive a notice of default or a dunning letter, which

are conditions precedent for filing a lawsuit in Florida and in direct violation of FDCPA and RESPA.

48.  Bruce Huey, VP of JB Nutter signed a complaint under penalty of perjury on October 19, 2012 without validating that Plaintiff even owed a debt or verifying that any of the information stated in the complaint was accurate.

49. On October 10, 2012, Plaintiff sent by certified mail (# 7008 0150 0002 6798 3480) a Qualified Written Request (QWR) to Keith Ward, CFO at JB Nutter. (attached as **Exhibit D**)

50.  The QWR was received by S. Cutcliff on October 15, 2012 for verification of the payments, accounting records, deposits and disbursements from whom and to whom, cancelled checks and/or wire transfers and evidence that JB Nutter had made this loan, pursuant to Public Law 107-56, 115 Stat. 272 (U.S.A. P.A.T.R.I.O.T. Act) and JB Nutter had any authorization to collect the alleged debt from the Plaintiff.

51.  JB Nutter stated that they had the original note and mortgage and sent Plaintiff a copy with her QWR as a limited response on or around October 28, 2012, but sent no accounting information.

52.  The Note attached only had the borrower's signature on the Note, without witnesses or endorsements. (attached as **Exhibit E**).

53.  Plaintiff requested an accounting record that would show what

18

payments were received, how payments have been applied and why they were collecting this debt from the Plaintiff in the QWR (**Exhibit D**), but none of the information was provided.

54.  JB Nutter did not answer the Qualified Written Request timely in the 5 days, nor provide the information requested pursuant to the Real Estate Settlement Procedures Act 12 U.S.C.§2601 *et seq.*

55.  Plaintiff disputed the debt and requested validation of the debt in a certified letter to Wolfe & Assocs. on or around October 24, 2012. (certified mail # 7007 1490 0000 8821 0917).

56.  In the unsigned letter dated October 4, 2012, Wolfe & Assocs. stated Plaintiff executed a Note and Mortgage, so Plaintiff also requested a validation of that Note and Mortgage.

57.  Wolfe & Assocs. received this dispute on October 28, 2012. (copy of letter attached as **Exhibit F**).

58.  Wolfe & Assocs. on behalf of JB Nutter alleged a judgment against Plaintiff in their letter, but failed to specify what that judgment was and how to cure it, or how Plaintiff created the judgment.

59.  Plaintiff was not given 30 days to cure the alleged debt as stated in their letter or required by 15 USC 1692g.

60.  After Plaintiff denied the alleged debt (Wolfe & Assocs. received

around Oct 28, 2012) Plaintiff never received a debt validation from Wolfe & Assocs., in violation of 1692g(b).

61. In an attempt to collect a debt, Jones and Pidala filed a lis pendens on October 29, 2012.

62. In an attempt to collect this debt, Pidala, Hannon and Huey filed a complaint into the court records on October 29, 2012 suing Plaintiff personally for **$91,263.16** and mentioning no specific property in this foreclosure.

63. Also on October 29, 2012 a Notice was filed into the court docket by Jones and Pidala asking for **$93,633.78** in their attempts to collect a debt.

64. The amount alleged owed of 93,633.78 was the same amount alleged in Wolfe & Assocs. acceleration letter but different from the complaint with fees being added that Plaintiff had not agreed to in any contract.

65. On or about November 7, 2012 a complaint and summons to begin judicial action on Plaintiff in Sarasota, Florida were left at Plaintiff's home in Georgia with an unknown person, without any information about what was being left, who left the documents or when. (Sarasota, Florida 12th Judicial Circuit Court Case No. 58-2012-CA-008672-NC) (copy of complaint attached as **Exhibit G**).

66. When the complaint was filed, Pidala stated that she had the original note and mortgage, but filed a different, altered note with the complaint that

included a stamp on the note with an as yet *unnamed payee* from JB Nutter

to another unknown entity. (second Note attached as **Exhibit H).**

67. This stamp on the alleged note, *without recourse*, according to UCC-3,

proves that this alleged note was either transferred, assigned or sold,

eliminating all of JB Nutter's liability along with all of JB Nutter's rights,

title and interest in the alleged note, reaffirming that JB Nutter received this

Loan after it went into default and was a debt collector according to §1692a(6).

68.  Plaintiff had not received validation of the debt and in order to comply

with the law, on or about November 28 2012, the Plaintiff filed an Answer and

Counterclaim to the foreclosure complaint disputing again that the debt

belonged to Plaintiff and that JB Nutter and Wolfe & Assocs. did not comply

with FDCPA as stated in their complaint pursuant to 15 U.S.C.§1692g(b).

69.  Plaintiff has no written, oral or implied contract or obligation to pay JB

Nutter.

70.  Defendants failed to attach any evidence that Plaintiff ever had an

account with JB Nutter.

71.  According to the Statute of Frauds, no person or executor can be held

personally liable for a deceased man's debt.

72.  On December 18, 2012 Pidala & Jones filed a Motion for Extension of

Time to Answer the Counterclaim, in their attempts to continue collecting an