UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE HAMPTON-MUHAMED,

        PLAINTIFF,

VS.                         CASE NO.:  8:15-CV-608-T-27TGW

JAMES B NUTTER & CO.,
BRUCE HUEY, VP, AL PITZNER, VP,
RONALD R. WOLFE & ASSOCIATES, P.L.,
ANDREA D. PIDALA, ESQ., JOHN DOES 1-20,

        DEFENDANTS.

_____/

## THE RRW DEFENDANTS' MOTION TO DISMISS[1]
## AMENDED COMPLAINT AND COMBINED MEMORANDUM OF LAW

      Plaintiff, a defendant in a Florida judicial foreclosure, alleges FDCPA claims against the foreclosing law firm and its attorneys for actions that occurs solely within the prosecution of a residential foreclosure. Plaintiff's FDCPA claim fails, however, because the prosecution of a foreclosure in Florida is an *in rem* action to enforce a security interest that is not debt collection for purposes of the Act. Moreover, litigation privilege bars all of Plaintiff's claims because all of the alleged acts giving rise to her claims occurred in the context of the judicial foreclosure. Plaintiff's Amended Complaint should be dismissed. In the alternative, this Court should stay or abstain pursuant to abstention doctrine or preclusion law.

---

[1] Pursuant to the Northern District of Georgia's order of March 19, 2015 granting the RRW Defendants leave to refile a motion to dismiss. (Doc. 42)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff acquired title to real property in Sarasota County owned by her brother after his death. Doc. 3, ¶¶ 2, 17-20.[2] Plaintiff defaulted on the property's mortgage payments, making her last payment in July 2012, and Defendant, James B. Nutter & Company ("J.B. Nutter") retained RRW to initiate foreclosure proceedings in Sarasota County Circuit Court, Case No. 2012-CA-008672-NC ("Foreclosure"). Doc. 3, ¶¶ 37, 62, 65; Exs. "G" and "Q". The Foreclosure is still pending.[3] Frustrated with the foreclosure proceeding, Plaintiff originally filed this action in the Northern District of Georgia, alleging, *inter alia*, that RRW and its individual staff attorneys[4] ("the Individual RRW Defendants"; collectively with RRW, "the RRW Defendants") violated the Fair Debt Collection Practices Act ("FDCPA") by prosecuting the Foreclosure. While it is difficult to determine from the Amended Complaint how the Foreclosure violated the FDCPA, Plaintiff generally pleads that she owes no debt to J.B. Nutter and that J.B. Nutter is not the proper party to foreclose. Pursuant to the Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and for Transfer of Venue, this lawsuit was transferred to the Middle District of Florida.

---

[2] On a motion to dismiss for failure to state a claim, the Court should accept the truth of facts alleged in the Amended Complaint. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). To that end, the facts recited herein are the facts alleged in the Amended Complaint. The RRW Defendants do not, however, admit that any of these facts are true.

[3] This Court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F. 3d 1549, 1553 (11th Cir. 1994).

[4] The individual attorneys include: Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips (erroneously named John J. Phillips in the Amended Complaint). Plaintiff also identified Elizabeth Wulff as an attorney with RRW (Am. Com., ¶ 13(q)), however, no summons has issued for Ms. Wulff, and she is not identified as a party according to the Court's docket.

Plaintiff's Amended Complaint fails to state a claim for FDCPA violations because all of the alleged actions occurred in the context of enforcing a security interest through judicial foreclosure[5], and therefore do not constitute "debt collection activity" within the meaning of the FDCPA. When stripped of all conclusory allegations of "debt collection", her allegations amount to nothing more than complaints about RRW's prosecution of an *in rem* residential mortgage foreclosure action filed and pending in Florida state court. Plaintiff cannot state a claim based upon these allegations and therefore, the Amended Complaint should be dismissed.   Alternatively, this action should be stayed to avoid possible interference with the on-going state court foreclosure action.

## II.   THIS COURT SHOULD STAY THIS ACTION PURSUANT TO THE ABSTENTION DOCTRINE OR PRECLUSION LAW

### A.   THIS MATTER SHOULD BE STAYED PURSUANT TO YOUNGER ABSTENTION

Plaintiff's claims should be stayed pursuant to the abstention doctrine. *Younger* abstention, named for *Younger v. Harris*, 401 U.S. 37 (1971), is a doctrine pursuant to which federal courts may and should abstain to avoid interference with state proceedings. While originating out of respect for state criminal proceedings, is fully applicable to noncriminal judicial proceedings when important state interests are involved. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). *Younger* abstention "derives from 'the vital consideration of comity between the state and national governments.'" *Id.* at

---

[5] Specifically, her allegations concern the mailing of letters (Am. Com., ¶¶ 46, 79), filing a lis pendens (¶61), serving a foreclosure complaint (¶ 65) filing court papers (¶¶ 62, 63, 72, 75, 80, 82, 106, 108, 109, 117, 119, 120, 121, 127, 136, 141, 143, 145, 147, 170, 171), attending court appearances (¶¶ 85, 128, 142, 146, 152) and conducting written discovery (¶¶ 119, 125, 160) in the Florida state court proceeding.

1274. In evaluating the applicability of *Younger* abstention, there are three factors for the Court to consider: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* The instant case meets all three *Younger* factors.

First, it is not disputed that the Foreclosure is an ongoing state judicial proceeding. In *31 Foster Children*, the Eleventh Circuit elaborated regarding this first element that not only must there be an ongoing state proceeding, but also "the federal proceeding [must] interfere with the state proceeding." *Id.* at 1275. Plaintiff's Amended Complaint, to the extent that it asks this Court to consider certain merits of the state court Foreclosure, e.g. whether J.B. Nutter has standing to foreclose, requests this Court to interfere in the state court Foreclosure.

The second element of *Younger* abstention is whether the ongoing state judicial proceedings "implicate important state interests." As this Court has noted, "[m]any courts have recognized that state mortgage foreclosure actions implicate important state interests. *Sergeon v. Home Loan Ctr., Inc.*, 2010 WL 5662930 (M.D. Fla. Oct. 26, 2010), *report and recommendation adopted*, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011) (holding "[t]his Court agrees that Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference.") Therefore, this lawsuit meets the second *Younger* element.

Third, as the Eleventh Circuit held in *31 Foster Children*, Plaintiff has the burden to establish that "the state proceedings do not provide an adequate remedy for [her] federal claims." 329 F .3d at 1279. Foremost, Plaintiff does not allege that the Circuit Court in Sarasota County is an inadequate forum for any federal claims she may have. More importantly, this Court must assume that the Florida court provides an adequate forum and can provide adequate remedies for any federal claims Plaintiff may have. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") Florida state courts have concurrent jurisdiction over Plaintiff's FDCPA claims. The FDCPA explicitly provides for concurrent state court jurisdiction in 15 U.S.C. 1692k(d), which provides that an FDCPA claim may be brought, "in any appropriate United States district court without regard to the amount in controversy, or *in any other court of competent jurisdiction*". (emphasis added). Thus, the instant case meets the three prongs of *Younger* abstention and therefore, this matter should be stayed until the final disposition of the Foreclosure.

**B.   THIS MATTER SHOULD BE DISMISSED OR STAYED PURSUANT TO COLORADO RIVER ABSTENTION**

Alternatively, this matter should be dismissed or stayed pursuant to *Colorado River* abstention. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). There are two factors at issue in a *Colorado River* analysis. First, is whether the state and federal proceedings can be considered parallel. *Ambrosia Coal & Constr, Co. v. Pagés Morales*, 368 F.3d 1320, 1329–30 (11th Cir. 2004). If the proceedings are parallel,

then the Court weighs six factors to determine if abstention is appropriate. As set forth in

*Ambrosia Coal*:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

368 F.3d at 1331.

The Southern District of Florida previously applied *Colorado River* to litigation where a federal suit was filed regarding a preceding state foreclosure. In *Delta Dev. & Const. Corp. v. Sav. One Ass'n*, 637 F. Supp. 629, 631 (S.D. Fla. 1986), a mortgage holder brought action against lenders which had security interest in mortgages, and lenders moved for reconsideration of dismissal or for stay based on concurrent state proceedings, one of which was a foreclosure proceeding. Pursuant to *Colorado River* doctrine, the district court dismissed the federal claims, holding:

> This Court…finds such an interference with the orderly and comprehensive disposition of the state court proceeding to be inutile and ill-advised. First, and perhaps foremost, allowing these actions to go forward in federal court will result in piecemeal litigation. The mortgage foreclosure proceeding remanded to the state court by Judge Kehoe involves an Answer to a cross claim raising the very issues presented in this action. The other case in state court is also determinative of the issues to be resolved in the federal proceedings. The pending state actions do provide ample opportunity to determine the rights of the parties before this Court. Further, this Court does not and cannot exercise jurisdiction over all parties and matters necessary to the full and final determination of the controversy. The state court, on the other hand, is the more adequate and convenient forum in this regard. Due to the exceptional nature of this litigation and the fact that both the federal and state actions

> spring from the same transactions or occurrences, fragmented disposition would lead to inconsistent results.

637 F.Supp. at 631.

The threshold issue in *Colorado River* is met here: this lawsuit and the Foreclosure are parallel. Both proceedings are concerned, at least in part, with the standing of J.B. Nutter to foreclose on Plaintiff's property. Considering the factors of the second *Colorado River* issue, the first factor is the "most important". *Sergeon*, 2010 WL 5662930 at *6. Here, the state Foreclosure was filed first. As noted by the United States Supreme Court, "[i]t has been held ... that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." 424 U.S. at 818 (citations omitted); *see also St. Clair v. Wertzberger*, 637 F.Supp.2d 251, 254–55 (D. N.J. 2009); (holding that *Colorado River* abstention was appropriate when there was a parallel state mortgage foreclosure action in part because "the state court has jurisdiction over the res, plaintiff's home, which is located in New Jersey"). As such, the state court has exclusive jurisdiction over the disposition of the subject property in Sarasota County.

The second factor of the inconvenience of the federal forum is effectively neutral because this Court and the Sarasota County courthouse are located approximately sixty (60) miles apart. Plaintiff is located in northern Georgia, so travel from Georgia to Sarasota is no more of a burden than travel from Georgia to Tampa. In fact, the Amended Complaint pleads that Plaintiff has traveled to Sarasota to represent her interests in the Foreclosure.

Third, a failure to abstain or dismiss would result in piecemeal litigation "due to the exceptional nature of this litigation and the fact that both the federal and state actions spring from the same transactions or occurrences, fragmented disposition would lead to

inconsistent results." *Delta Dev.*, 637 F.Supp. at 631. The fourth element, the order in which the fora obtained jurisdiction, clearly weighs in favor of abstention because the Foreclosure was filed before this federal lawsuit.

The fifth factor, whether state or federal law applies, is neutral because the Complaint involves federal claims that can be litigated in either federal or state court. *Sergeon*, 2010 WL 5662930, *7. Regarding the sixth element, in *Ambrosia Coal*, the court stated: "[t]his factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334. No party has suggested the inadequacy of either forum. Thus, this factor is neutral.

Lastly, the *Ambrosia Coal* court held that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Ambrosia Coal*, 368 F.3d at 1331. It is apparent that Plaintiff has filed this case in an attempt to further delay and prolong the Foreclosure, which has stretched for several years. The vexatious nature of Plaintiff's claims is most clearly apparent in her objections to the magistrate judge's Report and Recommendations, in which she claimed that the Court's integrity was "on trial" and made various demands that questioned the authority of the magistrate judge to take action in this case. *See generally*, Doc. 39. Thus, this factor heavily favors abstention in this case. *Sergeon*, 2010 WL 5662930, *8.

The *Colorado River* factors are not a "mechanical checklist," but must be considered "flexibly and pragmatically." *Ambrosia Coal*, 368 F.3d at 1332. The first, third, and fourth factors weigh heavily in favor of abstention, as does the vexatious nature of this

federal lawsuit. The second, fifth, and sixth factors are neutral. Viewing the totality of these factors, "this is a case presenting exceptional circumstances in which notions of comity override this Court's obligation to exercise jurisdiction" and therefore, "abstention is proper under *Colorado River* as well as *Younger.*". *Sergeon*, 2010 WL 5662930, *8.

### C.    THIS COURT SHOULD ABSTAIN OR DISMISS PURSUANT TO PRECLUSION LAW

In the alternative, preclusion law requires abstention or dismissal of this case. The Southern District of Florida held in *Figueroa v. Merscorp, Inc.*, 766 F.Supp.2d 1305, 1320 (S.D. Fla. 2011) that "when the state and federal cases are parallel, that is, ongoing at the same time, even if only for a moment, preclusion law may apply." *Id.* at 1323. In this case, as discussed, *supra*, this federal case runs parallel to the state Foreclosure. "It is for the state appeals courts and the U.S. Supreme Court to tell the state court it was wrong. This Court has no such role." *Id.* at 1324. As argued, *supra*, this federal matter is parallel to a state court proceeding that Plaintiff is currently defending. Therefore, this Court should dismiss the Amended Complaint or, in the alternative, abstain until the proceedings in the state trial court, and any subsequent proceedings in the state appellate courts, have run their course.

### III.    PLAINTIFF CANNOT STATE AN FDCPA CLAIM

To satisfy the elements of a claim under the FDCPA, Plaintiff must demonstrate: (1) she have been the subjects of collection activity arising from a consumer debt; (2) at least one of the RRW Defendants is a "debt collector" under the FDCPA; and (3) at least one of the RRW Defendants engaged in an act or omission prohibited by the FDCPA. *Sanz*

*v. Fernandez*, 633 F.Supp.2d 1356, 1359 (S.D. Fla. 2009). Plaintiff's FDCPA claims fail

because she cannot show that she have been the subject of debt collection activity.

A.   **AN FDCPA CLAIM CANNOT BE PREMISED ON A MORTGAGE FORECLOSURE**

As the Eleventh Circuit has made clear, enforcement of a security interest through

foreclosure does not constitute "debt collection" activity under the FDCPA. *Warren v.*

*Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (holding that

enforcement of a security interest through a foreclosure does not constitute "debt

collection" activity under the FDCPA); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618

F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007), *aff'd*, 288 Fed. Appx. 571 (11th Cir. 2008)

("The FDCPA is intended to curtail objectionable acts occurring in the process of

collecting funds from a debtor. But, foreclosing...is an entirely different path. Payment of

funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest

in the property"); *Robb v. Rahi Real Estate Holdings LLC*, 2011 WL 2149941 (S.D. Fla.

May 23, 2011) ("The Eleventh Circuit holds that a mortgage foreclosure action is not a

debt collection activity under the FDCPA. (internal citations omitted); *see also* 15 U.S.C.

§ 1692a(6) (distinguishes security enforcement and debt collection).

The Eleventh Circuit recently affirmed the holding of *Warren* in *Dunavant v. Sirote*

*& Permutt, P.C.*, 2015 WL 525536 (February 9, 2015), in which the plaintiffs filed suit in

federal court alleging that the servicer's counsel violated several provisions of the FDCPA

when he published notices of foreclosure sale. The district court dismissed "because it

found that the defendant's act of publishing foreclosure notices amounted only to the

enforcement of a security interest and not the collection of a debt." *Id.* at *2. The plaintiffs

appealed the dismissal, arguing that *Birster v. Am. Home Mortgage Servicing, Inc.*, 481 Fed. Appx. 579 (11th Cir. 2012) had overruled *Warren*.[6] The Eleventh Circuit rejected that argument, explicitly stating that "[*Warren*] and [*Birster*] are not in conflict" and finding that the lawyer's actions "amounted *only* to the enforcement of a security interest and not the collection of a debt," consistent with its holding in *Warren*.

This Court adopted *Dunavant* earlier this month in *Gillis v. Deutsche Bank Trust Company Americas, GMAC-RFC*, 2015 WL 1345309 (M.D. Fla. March 23, 20105). In *Gillis*, the plaintiff alleged FDCPA and civil RICO claims against two attorneys based upon their prosecution of a foreclosure action against him. This Court granted the foreclosing attorneys' motion to dismiss based upon *Warren* and *Dunavant*, finding that the alleged acts related solely to the defendants enforcing their security interest against the plaintiff through state-court foreclosure proceedings and therefore, "Plaintiff cannot assert violations of the FDCPA predicated upon only Defendants' actions in the state court foreclosure proceedings." *Id.* at *3.

Similarly, in this case, the great majority of the allegations against the RRW Defendants, to the extent any allegations are made at all, are concerned with acts such as filing a lis pendens, serving the foreclosure complaint, filing court papers, attending court appearances, and conducting written discovery in the Florida state court proceeding. These alleged acts all fall within the scope of *Warren* and *Dunavant* and therefore cannot support

---

[6] "The Dunavants argue that we overruled *Warren* in another unpublished case, *Birster v. Am. Home Mortg. Serv., Inc.*, 481 F. App'x. 579, 582 (11th Cir. 2012) (per curiam). But one panel opinion cannot overrule another. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001)."

an FDCPA claim because the state court foreclosure is not "debt collection" under the FDCPA.

In response, Plaintiff may cite to *Caceres v. McCalla Raymer, LLC.,* 755 F.3d 1299 (11th Cir. 2014) regarding a letter dated October 4, 2012 ("the Letter") that RRW sent to Plaintiff. However, the Letter is not a debt collection attempt as a matter of law and is facially distinguishable from the letter in *Caceres*. In *Caceres,* the Eleventh Circuit evaluated a law firm's letter concluding that it was subject to the FDCPA because it contained an "implicit demand for payment." *Id.* 1303, fn 2. The Eleventh Circuit based its conclusion on the letter's reference to "collection efforts" stating that "collection efforts will continue and that additional attorneys' fees and costs will accrue", "state[d] the amount of the debt and indicate[d] that it must be paid in certified funds", and supplied the firm's contact information "where it talks about payments." *Id.* As such, the court concluded "that the letter [was] a communication in connection with the collection of a debt." *Id.* at 1303.[7]

RRW's Letter in this case, however, contained no demand for payment, explicit or implicit. The Letter contains no mention of collection efforts, directions for payment, or collection costs. Rather, the Letter is restricted solely to notice of an *in rem* Foreclosure and therefore is not debt collection activity. In fact, this Court, in analyzing an *identical* letter under the FDCPA, found that the letter was not a debt collection attempt as a matter of law. *Diaz v. Fla. Default Law Grp., P.L.*, 2011 WL 2456049 (M.D. Fla. Jan 3, 2011). In evaluating the *same letter,* this Court explained, "[a]lthough much of the language in the

---

[7] In upholding the dismissal, the Eleventh Circuit ultimately concluded that the letter did not violate the FDCPA. *Id.* at 1305.

letter, when viewed out of context, may appear to be an attempt to collect a debt directly from the plaintiff, most of this language actually tracks the disclosure requirements of the FDCPA…[i]n fact, when the disclosures required under the FDCPA are taken out, the letters did little more than notify plaintiffs that defendant was in the process of initiating foreclosure actions." *Id.* at *1. This Court further noted in *Diaz* that "the letters state that defendant was solely seeking foreclosure and that a personal money judgment would not be pursued." *Id.* Finding as a matter of law that the letter was not an attempt or means to collect a debt, this Court granted summary judgment to RRW's predecessor. *Diaz* controls this case, which arises from an *identical letter. See also Helman v. Udren Law Offices, P.C.*, 2014 WL 7781199, at *4 (S.D. Fla. Dec. 18, 2014) (dismissing FDCPA claims because "while the letter does primarily concern a security interest, the letter's content is not exclusively confined to that subject as it does reference the underlying debt giving rise the security interest, albeit without an express demand for payment...the Court finds that the instant letter is distinguishable from *Reese*" because it was "not a 'dunning' letter that seeks collection. The letter does not demand payment. The letter does not deliver an ultimatum or establish an arbitrary deadline."). Thus, under the Eleventh Circuit's decision in *Warren*, as confirmed in *Dunavant*, the Foreclosure, an *in rem* proceeding, cannot form the basis for Plaintiff's FDCPA claims, whether arising from the prosecution of the Foreclosure or the preliminary Letter.[8]

---

[8] *See also* Am. Com., Ex. O (Hearing transcript), p. 8, lns. 14-19 (confirming that Plaintiff has no personal liability), p. 9, lns. 12-14 (the court: "[t]hey're not asking you for money.")

**B.      THE FORECLOSURE IS AN IN REM PROCEEDING**

A review of the Foreclosure complaint attached to the Amended Complaint makes it clear that the Foreclosure was an in rem proceeding that did not seek the payment of money from Plaintiff. The complaint in the Foreclosure contained only a single count: an "in rem action to foreclose a mortgage on real property located and situated in SARASOTA County, Florida." *See* Doc. 3, Exs. "G" and "Q". (emphasis in original). The Foreclosure complaint contained no count seeking to enforce a promissory note. The Foreclosure complaint in the instant case (a formal pleading) merely sought to foreclose J.B. Nutter's security interest (which "is not a promise to pay a debt") in real property. Consistent with Florida law, the Foreclosure complaint's prayer for relief requested that the court "ascertain the amount due" to be applied to the mortgage, that the court "foreclose the Mortgage and that Clerk of Court sell the Property securing the indebtedness to ***satisfy Plaintiff's mortgage lien*** in accordance with the provisions of Florida Statutes § 45.031 . . . ." *Id.* Under Florida law, a mortgage foreclosure decree is "not a personal decree, or a money judgment, upon which an execution could be issued." *Brannon v. Makin*, 159 So. 2d 483, 484 (Fla. 2d DCA 1964). "Instead, it is an action *in rem*, a proceeding against the property 'for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction.'" *Id.* The Foreclosure, which merely sought to foreclose on real property, did not seek to collect money from Plaintiff.

Neither does the Foreclosure complaint's prayer that the court "***retain jurisdiction*** of this action to make any and all further orders and judgments as may be necessary and

proper, including . . . the entry of a deficiency decree, when and if such deficiency decree shall appear proper" indicate debt collection.[9] Such a prayer is not a demand to Plaintiff for the payment of money, nor is it even a demand directed to Plaintiff at all. "[A] prayer for relief in a complaint . . . is just that: a request to a third party – the court – for consideration, not a demand to the debtor himself." *Leone v. Credit Card Receivables Fund Inc.*, 2009 WL 8477347 at *5 (S.D. Fla. November 6, 2009) (adopting the reasoning in *Argentieri v. Fisher Landscapes,* 15 F.Supp.2d 55, 61 (D. Mass. 1998) and rejecting an FDCPA claim premised on a request for attorney fees included in a state court complaint's prayer for relief). The prayer for relief "is no more binding on Plaintiff than any other factual allegation in the complaint." *Id.*; *see also Cisneros v. Neuheisel Law Firm, P.C.*, 2008 WL 65608 (D. Ariz. Jan. 3, 2008) (defendants' prayer for attorneys' fees in a state-court lawsuit to recover the debt owed by plaintiff did not violate FDCPA because it is an aspiration statement of what defendants sought if they prevailed); *Winn v. Unifund CCR Partners*, 2007 WL 974099 (D. Ariz. Mar. 30, 2007) (prayer for relief is a "request that the court find an amount not less that $2,486.42 to be reasonable. It is not an assertion that this specific amount is explicitly authorized by the credit agreement. The prayer for relief does not violate the FDCPA"); *Kirscher v. Messerli & Kramer, P.A.*, 2006 WL 145162, at *5 (D. Minn. Jan. 18, 2006) (rejecting claim that law firm's attempts to collect reasonable attorneys' fees violated FDCPA in requesting an amount based on a contingency fee). As such, the prayer for relief contained in the Foreclosure complaint does not transform the

---

[9] In fact, this similar "retention of jurisdiction" is also contained in the Florida Supreme Court approved form for Final Judgments of Foreclosure, Form 1.996(a): "Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment." Fla. R. Civ. Pro. Form 1.996(a) at ¶ 7.

Foreclosure into an attempt to collect a debt from Plaintiff. It is a request to the trial court to retain jurisdiction if the plaintiff is successful and the parcel is sold at public sale, not a demand for payment from Plaintiff.[10] Thus, the prayer for relief did not convert the Foreclosure into debt collection activity subject to the FDCPA.

### C.    THE LETTER'S MINI-MIRANDA LANGUAGE DOES NOT CONVERT IT INTO A DEBT COLLECTION ATTEMPT

Plaintiff points to the Letter's inclusion of the FDCPA's "mini-Miranda"[11] language and disclaimer that RRW "was a debt collector" as an admission that the RRW Defendants were engaged in debt collection. *See* Doc. 3, ¶ 184. The law of this circuit is clear that the inclusion of such language, by itself, does not convert a communication regarding foreclosure into debt collection. As discussed, *supra*, in analyzing an *identical* letter in *Diaz*, this Court found that the letter was not a debt collection attempt as a matter of law. More recently, the Eleventh Circuit rejected this argument in *Fenello v. Bank of America,* 577 Fed. Appx 899, 902 (11th Cir. Aug. 14, 2014), holding that "[d]efinitions belong to the definers, not the defined" and therefore "[a]n entity cannot transform itself into a 'debt collector' within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the Act." *Id.* (citations omitted). Thus, this disclaimer language cannot transform a non-debt collection letter into an attempt at debt collection.

---

[10] cf. *Rotenberg v. MLG, P.A.*, 2013 WL 5664886, at *2 (S.D. Fla. Oct. 17, 2013) (foreclosure complaint's prayer for relief requesting entry of deficiency judgment rendered it an attempt at debt collection). However, the complaint at issue in *Rotenberg* prayed that "that a deficiency judgment be entered if applicable". In this case, the Foreclosure complaint merely prayed that "the Court retain jurisdiction to make any and all further orders and judgment as may be necessary and proper", including a deficiency decree. As the Southern District held in *Leone*, it was a request to the court to retain jurisdiction, not for entry of a money judgment. Moreover, it was addressed to the court, not the Plaintiff.
[11] Courts have coined the term "mini-Miranda" to describe the disclosure language that 15 U.S.C. § 1692e(11) requires in the initial and all subsequent communications with a debtor i.e. "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

> **D.    PLAINTIFF HAS FAILED TO ALLEGE ANY VIOLATIONS OF THE FDCPA**

Plaintiff has alleged twelve FDCPA counts against the RRW Defendants that all fall under one of several general theories that the RRW Defendants made false statements in the Foreclosure, that the RRW Defendants failed to make certain disclosures to the trial court, and that the RRW Defendants failed to make certain disclosures required by the FDCPA. Notwithstanding *Warren* and *Dunavant*'s general bar of Plaintiff's claims, Plaintiff has failed to sufficiently allege an FDCPA claim against the RRW Defendants under any theory.

> **1.    THE RRW DEFENDANTS DID NOT MAKE ANY "FALSE STATEMENTS" IN VIOLATION OF SECTION 1692e OF THE FDCPA**

The majority of Plaintiff's FDCPA claims are based on the theory that one or more of the RRW Defendants made "false statements" pursuant to various subsections Section 1692e in the course of litigating the Foreclosure. *See* Count III (misrepresentation of Plaintiff as borrower); Count IV (misrepresentation of rights regarding property); Count V (threat to take legal action that could not be taken); Count VI (failing to advise court that Plaintiff disputed the "debt"); Count VII (misleading court that Plaintiff was "debtor"). Plaintiff cannot state a claim predicated on "false statements" pursuant to Section 1692e because Plaintiff does not allege that these statements were made to her.

All of Plaintiff's Section 1692e claims based upon statements made in pleadings, motions, and other filings in the Foreclosure should not form the basis of an FDCPA claim because such statements were not made to Plaintiff. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) ("when read in light of the Act's purpose and

numerous provisions, the prohibitions are clearly limited to communications directed to the consumer and do not apply to state judges"); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012) (while not ruling as broadly as *O'Rourke* court, affirming summary judgment in favor of law firm based on alleged false statements in affidavits and pleadings and noting that if "a debt collector's fact allegations are false and misleading for purposes of § 1692e when rejected as not adequately supported in the collection suit, [it] would be contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies,'") (quoting *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995)); *but* cf. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009) (consumer had raised a genuine issue of material fact over whether the debt collector's attached statement to the complaint was misleading). While the Eleventh Circuit appears to have not addressed the issue of whether Section 1692e applies to attorney-judge communications, at least one Florida district court has declined to extend the protection of Section 1692e to pleadings and other court filings. *Leone v. Credit Card Receivables Fund Inc.*, 2009 WL 8477347 (S.D. Fla. 2009) ("a prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party—the court—for consideration, not a demand to the debtor himself.") (quoting *Argentieri v. Fisher Landscapes*, 15 F.Supp.2d 55, 61 (D. Mass. 1998)). To apply the FDCPA to attorney-judge communications would implicate the collector's "right of access to the courts," an aspect "of the First Amendment right to petition the Government for redress of grievances." *Hemmingsen*, 674 F3d at 819. Therefore, any of FDCPA claims based on alleged "false statements" made to the state court should be dismissed on these grounds as well.

**2.    PLAINTIFF HAS NOT ALLEGED ANY VIOLATION OF SECTION 1692f OF THE FDCPA**

Plaintiff has also alleged three counts under Section 1692f of the FDCPA, claiming that the RRW Defendants violated Section 1692f(8) in Count I (using language or symbol on envelope indicating debt collection business), wrongfully claimed attorney's fees in violation of Section 1692f(1) in Count VIII (prohibiting collection of incidental amounts unless such amount is expressly authorized by the agreement creating the debt or permitted by law), and for unlawfully repossessing Plaintiff's property in violation of Section 1692f(6) as set forth in Count IX (taking or threatening to take any nonjudicial action to effect dispossession or disablement of property). Plaintiff cannot state a claim under any of these theories.

In Count I, Plaintiff alleges that the listing of the Foreclosure case number on the envelope indicated that the sender was in the debt collection business, in purported violation of Section 1692f(8), which prohibits the use of language or a symbol on an envelope indicating debt collection business. *See* Doc. 3, ¶¶ 199-200. Plaintiff's theory fails on two grounds. First, Plaintiff has failed to sufficiently allege that the envelope contained an attempt at debt collection subject to the FDCPA. To the extent that the envelope contained correspondence regarding the Foreclosure or filings from the Foreclosure, such contents regarding the Foreclosure would not be debt collection activity. *Diaz v. Florida Default Law Group, P.L.*, 2011 WL 2456049 (M.D. Fla. January 3, 2011) (granting defendant's motion for summary judgment in FDCPA action because letters sent preliminary to foreclosure were not debt collection); *Acosta v. Campbell*, 309 F. App'x 315, 320 (11th Cir. 2009) ("a communication issued from the foreclosing party, or its counsel,

regarding the foreclosure…is not subject to the FDCPA.") Second, the Foreclosure's case number does not indicate that the RRW Defendants were in the debt collection business because the Foreclosure was an *in rem* judicial proceeding, not debt collection activity.

Plaintiff also cannot state a claim that the RRW Defendants sought unauthorized attorney's fees and other cost incidental to the principal in violation of Section 1692(f). The Note attached to the foreclosure complaint, which attached to Plaintiff's Amended Complaint as Exhibit "E" makes the right to a reasonable attorney's fee clear. Paragraph 6(C) of the Note provides that in the event of a default, "Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees." Thus, the RRW Defendants had specific authority to request such fees from the court for application to the balance of the final judgment of foreclosure, which the RRW Defendants' could then seek to recover through the judicial sale of the parcel. The RRW Defendants concede that such amounts would not be recoverable from Plaintiff because she is not a party to the Note, but such amounts could be applied to the value of the lien in an attempt to recover the fees through the judicial sale process. Therefore, Plaintiff cannot state a claim pursuant to Section 1692f(1).

Lastly, Plaintiff cannot state a claim pursuant to Section 1692f(6), which prohibits "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property." Plaintiff alleges that some unknown persons changed the locks of the house and removed its contents. *See* Doc. 3, ¶ 258. Plaintiff does not allege that the RRW Defendants hired these unknown persons or directed their actions. Absent any allegation

that the RRW Defendants were somehow involved in these persons' securing of the premises, Plaintiff cannot state a Section 1692f(6) claim against the RRW Defendants.[12]

### 3.   PLAINTIFF HAS FAILED TO ALLEGE A VIOLATION OF SECTION 1692g

Plaintiff has alleged in Counts X and XII that the RRW Defendants have failed to name the debt's creditors in violation of Section 1692g. *See* Doc 3, ¶ 265, 276. "A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1327 at 766 (1990). In this case, Plaintiff has "pled herself out of court" as to her Section 1692g claim because the Amended Complaint's attached exhibits contradict its allegations.

Section 1692g requires that a debt collector make certain disclosures regarding the debt at the time of its initial communication with the debtor or within five days therefore. In this case, Exhibit "C" to the Amended Complaint shows that the RRW Firm made the Section 1692g disclosures to Plaintiff in the October 4, 2012 letter, which states that James B. Nutter & Company was the creditor of the Note. Thus, the attachments to the Amended Complaint directly contradict the allegations of the Section 1692g claims of Counts X and XII and therefore, these claims should be dismissed.

### 4.   PLAINTIFF CANNOT STATE A CLAIM PURSUANT TO SECTION 1692j

Lastly, Plaintiff cannot state a claim pursuant to Section 1692j, which provide that "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be

---

[12] Similarly, Plaintiff's claim pursuant to Section 1692d, which claims the threatened use of violence to enforce a debt, fails on these grounds as well.

used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." In this case, Plaintiff has failed to allege what "deceptive form" has been designed, compiled, or furnished by whom to create a false belief in Plaintiff that someone other than James B. Nutter is participating in the Foreclosure. Absent an allegation that the RRW Defendants "designed, compiled, and furnished" an allegedly deceptive form, which form Plaintiff has not described in the slightest, Plaintiff cannot state a Section 1692j claim. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 735 (7th Cir. 2004) (affirming summary judgment where plaintiff could not show that third party "designed, compiled, and furnished" the notice knowing that it would deceive consumers as to the identity of the entity attempting to collect their debt; all three are required elements of offense). Therefore Count XIII pursuant to Section 1692j should be dismissed on these grounds as well.

### E.   ANY FDCPA CLAIMS BASED ON THE OCTOBER 4, 2012 LETTER ARE TIME-BARRED

As argued, *supra*, any claim based upon the sending of the October 4, 2012 letter (Am Com. ¶ 46, Ex. "C") is not actionable as a matter of law because the letter does not constitute debt collection activity. See *Diaz* (RRW's "Hello Letters," identical to the October 4, 2012 letter sent to Plaintiff in this case, did not constitute a "debt collection activity"). Additionally, any claims based upon the sending of the letter are also are barred by the FDCPA's statute of limitations. Pursuant to 15 U.S.C. § 1692k, a plaintiff may bring an action for an alleged violation of the FDCPA "within one year from the date on which the violation occurs."

The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered. *Maloy v. Philips*, 64 F.3d 607, 608 (11th Cir. 1995), rehearing, *en banc* denied, 72 F.3d 890 (11th Cir. 1995) (holding statute of limitations began to run on FDCPA claim the day after collection letter was mailed, not on the date it was received). In this case, the letter attached to the Amended Complaint as Exhibit "C" bears a mailing date of October 4, 2012. Therefore, the statute of limitations for any FDCPA based upon this letter expired on October 5, 2013, one month before Plaintiff filed her original Complaint on November 5, 2013. Therefore, any FDCPA claims based upon the October 4, 2012 letter fail as a matter of law because they are barred by the FDCPA's one-year statute of limitations.

## IV.   ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY LITIGATION PRIVILEGE

"Federal and Florida law both recognize absolute immunity from civil actions based upon an attorney's conduct in previous litigation." *Coursen v. JP Morgan Chase & Co.*, 2013 WL 5437341, at *9 (M.D. Fla. Sept. 27, 2013), *aff'd sub nom. Coursen v. Shapiro & Fishman, GP*, 588 Fed.Appx. 882 (11th Cir. Oct. 7, 2014) (emphasis added). In *Coursen,* the plaintiff sued various defendants, including the foreclosing attorneys, alleging FDCPA violation and other claims arising out of a state court foreclosure proceeding. *Id.* at *1-3. Her claims arose out of her assertion that the lender "was not the proper party to foreclose . . . ." *Id.* at *3. The Eleventh Circuit affirmed summary judgment for defendants on all of the plaintiff's claims, including the FDCPA claims, based in part upon litigation privilege noting "[t]he privilege applies here because to allow Coursen to sue Defendants based on conduct occurring during the course of the state proceeding in furtherance of

litigation would pile litigation on litigation without end." *Id.*[13] In this case, almost all of the alleged acts giving rise to Plaintiff's FDCPA claims are litigation activity: filings of papers, hearings, and various legal documents. The only act that was not a court filing or proceeding was the sending of the October 4, 2012 Letter, which is not actionable, but was also sent preliminary to the Foreclosure and merely gave notice that RRW had been retained to file the Foreclosure. Accordingly, whether under Florida or federal law, litigation privilege bars Plaintiff's FDCPA claim arising from the prosecution of the Foreclosure or the Letter sent preliminary to the Foreclosure, a judicial action.

## V.   CONCLUSION

For each of the reasons discussed herein, Defendants, Ronald R. Wolfe & Associates, P.L., Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips respectfully request that this Court dismiss the Amended Complaint for failure to state a claim, or stay the action.

Dated:  April 2, 2015                                   Respectfully submitted,

                                                        *s/ Suzanne Barto Hill*
                                                        SUZANNE BARTO HILL, ESQUIRE
                                                        Florida Bar No. 0846694
                                                        E-Mail:  shill@rumberger.com
                                                        KEVIN R. GOWEN, II, ESQUIRE
                                                        Florida Bar No. 0900621
                                                        E-Mail:  kgowen@rumberger.com
                                                        RUMBERGER, KIRK & CALDWELL

---

[13] Some courts in the Southern District of Florida have declined to extend the litigation privilege to FDCPA claims asserted in federal court. *See*, e.g., *Hall v. MLG, P.A.*, 981 F.Supp.2d 1267 (S.D. Fla. 2013); *Battle v. Gladstone Law Grp., P.A.*, 951 F.Supp.2d 1310 (S.D. Fla. 2013). These courts, however, did not have the benefit of the Eleventh Circuit's affirmance of *Coursen.*

A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

Attorneys for RRW Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and email to the following non-CM/ECF participant:   **Sherrie Hampton-Muhamed, 4329 Donerail Drive, Snellville, Georgia, 30039;** and at **cmrsinc@comcast.net**

*s/ Suzanne Barto Hill*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail:  shill@rumberger.com
KEVIN R. GOWEN, II, ESQUIRE
Florida Bar No. 0900621
E-Mail:  kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

Attorneys for RRW Defendants

7101042.1