UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE HAMPTON-MUHAMED,

    Plaintiff,

v.                                Case No: 8:15-cv-608-T-27TGW

JAMES B. NUTTER & COMPANY, *et al.*,

    Defendants.
_____/

## ORDER

Since Plaintiff is proceeding *pro se*, this Order will inform her of some, but not all, of the procedural rules with which she must comply. Plaintiff is reminded of these obligations since *pro se* litigants are subject to the same laws, procedures and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court, Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff shall not correspond with any Judge in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges will deliver their decisions only in response to motions and pleadings filed with the Clerk's Office in accordance with the applicable rules of procedure. Any correspondence to Judges will not be responded to.

All documents filed with the Court must be in the form of a pleading or motion, *see* Fed. R. Civ. P. 7. All pleadings and motions must bear an original signature of the filing party or they will be rejected. Among other things, the signature serves as the party's certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or

---

[1] All filings with the Court must be in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

defenses presented are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

In addition, all pleadings filed with the Court must include a caption (the same as is set forth in this Order); a brief title that describes the nature of the document; the filing party's name, address, telephone number and signature; and a Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the pleading, motion, or paper filed with the Court. At a minimum, a Certificate of Service must state the date on which a copy of the document was served on the other parties and the means by which service was made (e.g., U.S. Mail; Federal Express; hand delivery).

All requests for relief from the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). The motion must meet the requirements of all applicable rules, including the Federal Rules of Civil Procedure and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). The motion and memorandum cannot exceed twenty-five (25) pages in length. *See id.*

Prior to the filing of most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. The filing party must include a certification in the motion that he or she has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by opposing counsel.

Plaintiff must timely respond to the motions filed by other parties in this case. If not, it will be assumed that Plaintiff does not oppose the motion. If Plaintiff misses a filing deadline, he must file a motion seeking leave of Court to file the document out of time.

Plaintiff is reminded that, although she is proceeding *pro se*, she is not relieved of any of the obligations that rest upon an attorney, and that there are many requirements with which she must comply, including those in the Federal Rules of Civil Procedure and the Local Rules. Plaintiff is cautioned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed.R.Civ.P. 37.

This Order does not purport to set forth all procedural requirements and should not be interpreted as limiting Plaintiff's responsibilities and obligations in litigating this case. Plaintiff is referred to the Court's website at http://www.flmd.uscourts.gov., specifically the section titled "Proceeding Without a Lawyer," for additional helpful information. Accordingly, it is,

**ORDERED** that Plaintiff shall comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations. Plaintiff is cautioned that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

**DONE AND ORDERED** this 11th day of June, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Pro se Plaintiff