UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| Sherrie Hampton-Muhamed, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 8-15-cv-00608-T27TGW |
| | ) | |
| James B Nutter & Company, et al | ) | |
| Ronald R. Wolfe & Assocs., P.L., et al | ) | |
| JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants | ) | |

**NOTICE TO THE COURT OF ILLEGAL ACTS AND SUBMISSION FOR RECORD**

With much deliberation and in an effort to correct any previous mistakes that were made, Plaintiff is going to attempt to make it very clear that she cannot and will not participate in the consistent fraud on the court or comply with violations of the law created for the court to follow.

1. Sherrie Hampton-Muhamed is the contract owner of this whole case and purchased a contract with the U.S. District Court of Northern Georgia, Atlanta Division (Doc. 43.1 Case No. 1:13-cv-03659-CC) for honest judicial services and enforcement of all laws/statutes. This court refused to enforce the clear and unambiguous statute as enacted by Congress.

2. Plaintiff did not consent to the transfer of venue which is supported by the statutes

so therefore any transfer and any refusal of the District or Circuit Court to operate under the law is a felony.

3. This is a case based on a fraudulent claim brought against me by third party interlopers trespassing on my case, my property and my money in attempts to collect an alleged debt that does not exist. In defendant's attempt to steal money and property they misled the court, converted real property, stole personal property and pursued other tortious conduct. The previous officers of the court have ignored the felonies and fraud on the court, violating not only their own Rules of Professional Conduct but the Constitutional oaths they took as well.

4. I purchased another contract with the 11th Circuit Court of Appeals and this court also refused to address the violations of law. (UCC-1 filed in Gwinnett County 67-2015, #006746 for Case No. 15-11502C). This court also refused to enforce the clear and unambiguous statute as enacted by Congress.

5. Plaintiff was denied access to the proper court for the convenience of defendants who have created the violations of federal law. How is this fair or equitable? Does it even comply with the law? Now it appears that this case has become just as much about extreme bias and discrimination of the Plaintiff.

6. Violation of the law is also a violation of my due process and equal protection under the law. The discretionary decisions made previously violated the Constitution, operating outside of jurisdiction and left them open to suit. Not granting my rights based

on statute provides an unequal protection violation under the 14th Amendment denying me due process and adequate access to the court.

7. I have been put in a position to cooperate with violations of the law i.e. 28 USC § 1404(a), Public law 112-63, 125 STAT 764 and 15 USC § 1692(i)(2)(B). These laws are clear and unambiguous.

8. Paraphrasing Justice Scalia, the Supreme Court must presume that the legislative branch means what they say in the law and says what they mean in its plain language where the law is unambiguous, the first canon is the last canon, and judicial inquiry is over. The Supreme Court made a decision in January, 2015 in Jesinoski v. Countrywide making that statement very clear again - that the judges need to enforce the law that Congress enacted.

9. Since that Supreme Court decision, the Department of Justice has finally promised to stand against the lack of responsibility for the illegal actions of the corporations taken by the men and women who carry out the acts.

10. In a recent newspaper article in The New York Times entitled "Justice Department Sets Sights on Wall Street Executives", Sally Q. Yates, Deputy Attorney General for the Justice Department stated "Corporations can only commit crimes through flesh-and-blood people…It's only fair that the people who are responsible for committing those crimes be held accountable. The public needs to have confidence that there is one system of justice and it applies equally regardless of whether that crime occurs on a street corner or in a boardroom." (DOJ Memo attached as Annex A). "One of the most

important responsibilities our office (DOJ) bears is to prosecute elected and public officials who violate federal laws and the public's trust. Public corruption cannot be tolerated."

11. This court was erroneously given this case but still has to comply with my contract and follow the law. Any act not in compliance with this contract to enforce the law under my ownership is a void act and a breach of the public trust. I can no longer cooperate with the breach of contract that results in violations of the law.

12. Plaintiff is not waiving any of her rights to pursue her claim, which appears to include extortion, mail fraud, fraud on the court and conspiracy to steal money, property and liberty.

13. Any attempt to take money, property or liberty under false pretenses is a crime. The Florida Constitution prohibits the court from allowing taxpayer financial resources to be used in schemes of fraud and extortion and is a theft of honest services - a form of racketeering. Any party in a position of authority that has notice of fraud and does not eradicate the fraud are complicit in the fraud and aiding and abetting after the fact.

14. There have been too many mistakes in procedures in the administration of my case. Everyone has a duty to report a crime and again I am reporting crimes to you.

**CONCLUSION**

Plaintiff only wishes for the mistakes to be corrected, the law complied with and her claim returned to the proper court, US District Court of Northern Georgia, Atlanta Division for proper adjudication.

Dated: September 18, 2015

Respectfully submitted,

Without recourse, all rights reserved

/s/Sherrie Hampton-Muhamed
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone: (404) 786-6291
Fax: 770-978-0207
cmrsinc@comcast.net

**VERIFICATION OF NOTICE**

Under penalty of perjury, I declare that I am the Plaintiff in the above-entitled matter, I have read the Notice and the facts alleged therein are true and correct to the best of my knowledge and belief.

Dated: September 18, 2015

Respectfully submitted,

/s/Sherrie Hampton-Muhamed
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone: (404) 786-6291
Fax: 770-978-0207
cmrsinc@comcast.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I hereby certify that I have this day caused a copy of the foregoing NOTICE to be e-filed in this matter to the following:

SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
KEVIN R. GOWEN, II, ESQUIRE
Florida Bar No. 0900621
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
Attorneys for RRW Defendants

U. S. District Court
Middle District of Florida Tampa Division
Office of the Clerk
Suite M, Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602

/s/Sherrie Hampton-Muhamed
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404) 786-6291
cmrsinc@comcast.net

# ANNEX A

U.S. Department of Justice

Office of the Deputy Attorney General

The Deputy Attorney General

*Washington, D.C. 20530*

September 9, 2015

MEMORANDUM FOR THE ASSISTANT ATTORNEY GENERAL, ANTITRUST DIVISION
THE ASSISTANT ATTORNEY GENERAL, CIVIL DIVISION
THE ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION
THE ASSISTANT ATTORNEY GENERAL, ENVIRONMENT AND NATURAL RESOURCES DIVISION
THE ASSISTANT ATTORNEY GENERAL, NATIONAL SECURITY DIVISION
THE ASSISTANT ATTORNEY GENERAL, TAX DIVISION
THE DIRECTOR, FEDERAL BUREAU OF INVESTIGATION
THE DIRECTOR, EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES
ALL UNITED STATES ATTORNEYS

FROM: Sally Quillian Yates
Deputy Attorney General

SUBJECT: Individual Accountability for Corporate Wrongdoing

Fighting corporate fraud and other misconduct is a top priority of the Department of Justice. Our nation's economy depends on effective enforcement of the civil and criminal laws that protect our financial system and, by extension, all our citizens. These are principles that the Department lives and breathes—as evidenced by the many attorneys, agents, and support staff who have worked tirelessly on corporate investigations, particularly in the aftermath of the financial crisis.

One of the most effective ways to combat corporate misconduct is by seeking accountability from the individuals who perpetrated the wrongdoing. Such accountability is important for several reasons: it deters future illegal activity, it incentivizes changes in corporate behavior, it ensures that the proper parties are held responsible for their actions, and it promotes the public's confidence in our justice system.

There are, however, many substantial challenges unique to pursuing individuals for corporate misdeeds. In large corporations, where responsibility can be diffuse and decisions are made at various levels, it can be difficult to determine if someone possessed the knowledge and criminal intent necessary to establish their guilt beyond a reasonable doubt. This is particularly true when determining the culpability of high-level executives, who may be insulated from the day-to-day activity in which the misconduct occurs. As a result, investigators often must reconstruct what happened based on a painstaking review of corporate documents, which can number in the millions, and which may be difficult to collect due to legal restrictions.

These challenges make it all the more important that the Department fully leverage its resources to identify culpable individuals at all levels in corporate cases. To address these challenges, the Department convened a working group of senior attorneys from Department components and the United States Attorney community with significant experience in this area. The working group examined how the Department approaches corporate investigations, and identified areas in which it can amend its policies and practices in order to most effectively pursue the individuals responsible for corporate wrongs. This memo is a product of the working group's discussions.

The measures described in this memo are steps that should be taken in any investigation of corporate misconduct. Some of these measures are new, while others reflect best practices that are already employed by many federal prosecutors. Fundamentally, this memo is designed to ensure that all attorneys across the Department are consistent in our best efforts to hold to account the individuals responsible for illegal corporate conduct.

The guidance in this memo will also apply to civil corporate matters. In addition to recovering assets, civil enforcement actions serve to redress misconduct and deter future wrongdoing. Thus, civil attorneys investigating corporate wrongdoing should maintain a focus on the responsible individuals, recognizing that holding them to account is an important part of protecting the public fisc in the long term.

The guidance in this memo reflects six key steps to strengthen our pursuit of individual corporate wrongdoing, some of which reflect policy shifts and each of which is described in greater detail below: (1) in order to qualify for any cooperation credit, corporations must provide to the Department all relevant facts relating to the individuals responsible for the misconduct; (2) criminal and civil corporate investigations should focus on individuals from the inception of the investigation; (3) criminal and civil attorneys handling corporate investigations should be in routine communication with one another; (4) absent extraordinary circumstances or approved departmental policy, the Department will not release culpable individuals from civil or criminal liability when resolving a matter with a corporation; (5) Department attorneys should not resolve matters with a corporation without a clear plan to resolve related individual cases, and should

memorialize any declinations as to individuals in such cases; and (6) civil attorneys should consistently focus on individuals as well as the company and evaluate whether to bring suit against an individual based on considerations beyond that individual's ability to pay.[1]

I have directed that certain criminal and civil provisions in the United States Attorney's Manual, more specifically the Principles of Federal Prosecution of Business Organizations (USAM 9-28.000 *et seq.*) and the commercial litigation provisions in Title 4 (USAM 4-4.000 *et seq.*), be revised to reflect these changes. The guidance in this memo will apply to all future investigations of corporate wrongdoing. It will also apply to those matters pending as of the date of this memo, to the extent it is practicable to do so.

**1. To be eligible for <u>any</u> cooperation credit, corporations must provide to the Department all relevant facts about the individuals involved in corporate misconduct.**

In order for a company to receive <u>any</u> consideration for cooperation under the Principles of Federal Prosecution of Business Organizations, the company must completely disclose to the Department all relevant facts about individual misconduct. Companies cannot pick and choose what facts to disclose. That is, to be eligible for any credit for cooperation, the company must identify all individuals involved in or responsible for the misconduct at issue, regardless of their position, status or seniority, and provide to the Department all facts relating to that misconduct. If a company seeking cooperation credit declines to learn of such facts or to provide the Department with complete factual information about individual wrongdoers, its cooperation will not be considered a mitigating factor pursuant to USAM 9-28.700 *et seq.*[2] Once a company meets the threshold requirement of providing all relevant facts with respect to individuals, it will be eligible for consideration for cooperation credit. The extent of that cooperation credit will depend on all the various factors that have traditionally applied in making this assessment (*e.g.*, the timeliness of the cooperation, the diligence, thoroughness, and speed of the internal investigation, the proactive nature of the cooperation, etc.).

This condition of cooperation applies equally to corporations seeking to cooperate in civil matters; a company under civil investigation must provide to the Department all relevant facts about individual misconduct in order to receive any consideration in the negotiation. For

---

[1] The measures laid out in this memo are intended solely to guide attorneys for the government in accordance with their statutory responsibilities and federal law. They are not intended to, do not, and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party to litigation with the United States.

[2] Nor, if a company is prosecuted, will it support a cooperation-related reduction at sentencing. *See* U.S.S.G. USSG § 8C2.5(g), Application Note 13 ("A prime test of whether the organization has disclosed all pertinent information" necessary to receive a cooperation-related reduction in its offense level calculation "is whether the information is sufficient … to identify … the individual(s) responsible for the criminal conduct").

example, the Department's position on "full cooperation" under the False Claims Act, 31 U.S.C. § 3729(a)(2), will be that, at a minimum, all relevant facts about responsible individuals must be provided.

The requirement that companies cooperate completely as to individuals, within the bounds of the law and legal privileges, *see* USAM 9-28.700 to 9-28.760, does not mean that Department attorneys should wait for the company to deliver the information about individual wrongdoers and then merely accept what companies provide. To the contrary, Department attorneys should be proactively investigating individuals at every step of the process – before, during, and after any corporate cooperation. Department attorneys should vigorously review any information provided by companies and compare it to the results of their own investigation, in order to best ensure that the information provided is indeed complete and does not seek to minimize the behavior or role of any individual or group of individuals.

Department attorneys should strive to obtain from the company as much information as possible about responsible individuals before resolving the corporate case. But there may be instances where the company's continued cooperation with respect to individuals will be necessary post-resolution. In these circumstances, the plea or settlement agreement should include a provision that requires the company to provide information about all culpable individuals and that is explicit enough so that a failure to provide the information results in specific consequences, such as stipulated penalties and/or a material breach.

**2. Both criminal and civil corporate investigations should focus on individuals from the inception of the investigation.**

Both criminal and civil attorneys should focus on individual wrongdoing from the very beginning of any investigation of corporate misconduct. By focusing on building cases against individual wrongdoers from the inception of an investigation, we accomplish multiple goals. First, we maximize our ability to ferret out the full extent of corporate misconduct. Because a corporation only acts through individuals, investigating the conduct of individuals is the most efficient and effective way to determine the facts and extent of any corporate misconduct. Second, by focusing our investigation on individuals, we can increase the likelihood that individuals with knowledge of the corporate misconduct will cooperate with the investigation and provide information against individuals higher up the corporate hierarchy. Third, by focusing on individuals from the very beginning of an investigation, we maximize the chances that the final resolution of an investigation uncovering the misconduct will include civil or criminal charges against not just the corporation but against culpable individuals as well.

**3. Criminal and civil attorneys handling corporate investigations should be in routine communication with one another.**

Early and regular communication between civil attorneys and criminal prosecutors handling corporate investigations can be crucial to our ability to effectively pursue individuals in

these matters. Consultation between the Department's civil and criminal attorneys, together with agency attorneys, permits consideration of the full range of the government's potential remedies (including incarceration, fines, penalties, damages, restitution to victims, asset seizure, civil and criminal forfeiture, and exclusion, suspension and debarment) and promotes the most thorough and appropriate resolution in every case. That is why the Department has long recognized the importance of parallel development of civil and criminal proceedings. *See* USAM 1-12.000.

Criminal attorneys handling corporate investigations should notify civil attorneys as early as permissible of conduct that might give rise to potential individual civil liability, even if criminal liability continues to be sought. Further, if there is a decision not to pursue a criminal action against an individual – due to questions of intent or burden of proof, for example – criminal attorneys should confer with their civil counterparts so that they may make an assessment under applicable civil statutes and consistent with this guidance. Likewise, if civil attorneys believe that an individual identified in the course of their corporate investigation should be subject to a criminal inquiry, that matter should promptly be referred to criminal prosecutors, regardless of the current status of the civil corporate investigation.

Department attorneys should be alert for circumstances where concurrent criminal and civil investigations of individual misconduct should be pursued. Coordination in this regard should happen early, even if it is not certain that a civil or criminal disposition will be the end result for the individuals or the company.

**4. Absent extraordinary circumstances, no corporate resolution will provide protection from criminal or civil liability for any individuals.**

There may be instances where the Department reaches a resolution with the company before resolving matters with responsible individuals. In these circumstances, Department attorneys should take care to preserve the ability to pursue these individuals. Because of the importance of holding responsible individuals to account, absent extraordinary circumstances or approved departmental policy such as the Antitrust Division's Corporate Leniency Policy, Department lawyers should not agree to a corporate resolution that includes an agreement to dismiss charges against, or provide immunity for, individual officers or employees. The same principle holds true in civil corporate matters; absent extraordinary circumstances, the United States should not release claims related to the liability of individuals based on corporate settlement releases. Any such release of criminal or civil liability due to extraordinary circumstances must be personally approved in writing by the relevant Assistant Attorney General or United States Attorney.

**5. Corporate cases should not be resolved without a clear plan to resolve related individual cases before the statute of limitations expires and declinations as to individuals in such cases must be memorialized.**

If the investigation of individual misconduct has not concluded by the time authorization is sought to resolve the case against the corporation, the prosecution or corporate authorization memorandum should include a discussion of the potentially liable individuals, a description of the current status of the investigation regarding their conduct and the investigative work that remains to be done, and an investigative plan to bring the matter to resolution prior to the end of any statute of limitations period. If a decision is made at the conclusion of the investigation not to bring civil claims or criminal charges against the individuals who committed the misconduct, the reasons for that determination must be memorialized and approved by the United States Attorney or Assistant Attorney General whose office handled the investigation, or their designees.

Delays in the corporate investigation should not affect the Department's ability to pursue potentially culpable individuals. While every effort should be made to resolve a corporate matter within the statutorily allotted time, and tolling agreements should be the rare exception, in situations where it is anticipated that a tolling agreement is nevertheless unavoidable and necessary, all efforts should be made either to resolve the matter against culpable individuals before the limitations period expires or to preserve the ability to charge individuals by tolling the limitations period by agreement or court order.

**6. Civil attorneys should consistently focus on individuals as well as the company and evaluate whether to bring suit against an individual based on considerations beyond that individual's ability to pay.**

The Department's civil enforcement efforts are designed not only to return government money to the public fisc, but also to hold the wrongdoers accountable and to deter future wrongdoing. These twin aims – of recovering as much money as possible, on the one hand, and of accountability for and deterrence of individual misconduct, on the other – are equally important. In certain circumstances, though, these dual goals can be in apparent tension with one another, for example, when it comes to the question of whether to pursue civil actions against individual corporate wrongdoers who may not have the necessary financial resources to pay a significant judgment.

Pursuit of civil actions against culpable individuals should not be governed solely by those individuals' ability to pay. In other words, the fact that an individual may not have sufficient resources to satisfy a significant judgment should not control the decision on whether to bring suit. Rather, in deciding whether to file a civil action against an individual, Department attorneys should consider factors such as whether the person's misconduct was serious, whether

it is actionable, whether the admissible evidence will probably be sufficient to obtain and sustain a judgment, and whether pursuing the action reflects an important federal interest. Just as our prosecutors do when making charging decisions, civil attorneys should make individualized assessments in deciding whether to bring a case, taking into account numerous factors, such as the individual's misconduct and past history and the circumstances relating to the commission of the misconduct, the needs of the communities we serve, and federal resources and priorities.

Although in the short term certain cases against individuals may not provide as robust a monetary return on the Department's investment, pursuing individual actions in civil corporate matters will result in significant long-term deterrence. Only by seeking to hold individuals accountable in view of all of the factors above can the Department ensure that it is doing everything in its power to minimize corporate fraud, and, over the course of time, minimize losses to the public fisc through fraud.

## Conclusion

The Department makes these changes recognizing the challenges they may present. But we are making these changes because we believe they will maximize our ability to deter misconduct and to hold those who engage in it accountable.

In the months ahead, the Department will be working with components to turn these policies into everyday practice. On September 16, 2015, for example, the Department will be hosting a training conference in Washington, D.C., on this subject, and I look forward to further addressing the topic with some of you then.