UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE HAMPTON-MUHAMED,

    **Plaintiff,**

v.                                                                   Case No: 8:15-cv-608-T-27TGW

JAMES B. NUTTER & COMPANY, *et al.*,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are The RRW Defendants' Motion to Dismiss Amended Complaint (Dkt. 48) and James B. Nutter & Company's Motion to Dismiss Amended Complaint (Dkt. 50). Plaintiff did not respond and the time in which to do so has passed.[1] Accordingly, the Motions are deemed unopposed. Upon consideration, the motions are GRANTED.[2]

**I.    BACKGROUND**

Plaintiff originally filed this action in the District Court for the Northern District of Georgia. In her Amended Complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15

---

[1] On June 11, 2015, Plaintiff was directed to respond to the motions within fourteen days and was advised that failure to do so would result in the motions being treated as unopposed. (Dkt. 64). Plaintiff did not respond within that time frame. Plaintiff requested that the Order be vacated. (Dkt. 65). That motion was denied and she was again directed to respond to the motions to dismiss by June 25, 2015. (Dkt. 67). She did not. On August 11, 2015, Plaintiff requested an extension of time to respond, which the Magistrate Judge denied, finding that her motion lacked merit. (Dkt. 73, 76). Her last filing, a "Notice to the Court of Illegal Acts and Submission for Record," does not address the motions. In that filing, Plaintiff contends the transfer to the Middle District of Florida was illegal, she purchased contracts with the U.S. District Court of Northern Georgia, Atlanta Division and the 11th Circuit Court of Appeals and that the courts are violating the law. (Dkt. 78).

[2] Plaintiff's Amended Complaint is 81 pages, contains 298 paragraphs, is a shotgun pleading, and attaches 22 exhibits. Ordinarily, such a complaint would be stricken and repleader ordered. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014). However, this case was not before this Court until March 2015, over a year after it was filed and many of the claims were dismissed by the previous court. Given that Defendants' motions are dispositive of the remaining claims, the Court finds it unnecessary and a waste of resources to order repleader at this point.

U.S.C. § 1692, *et seq.* ("FDCPA") arising out of Defendants' efforts to foreclose on property formerly owned by Plaintiff's brother in Sarasota County, Florida. (Dkt. 3).

In her Verified Amended Complaint, Plaintiff alleges: In November 2003, Plaintiff's brother obtained a $104,948 loan from Defendant James B. Nutter & Company. (Dkt. 3, Ex. E). Plaintiff's brother passed away on September 8, 2008, and a quit claim deed was filed on November 26, 2008, by the Clerk of Circuit Court in Sarasota, Florida, transferring all property rights to Plaintiff and her brother. (*Id.* ¶ 19). Plaintiff subsequently became executor of her brother's estate on February 4, 2009, and probate was finalized on March 3, 2010. (Dkt. 3 ¶¶ 20, 23).

Plaintiff alleges that she made two mortgage payments, but that she never assumed her brother's Promissory Note or Mortgage. (*Id.* ¶¶ 33, 37). On October 4, 2012, Plaintiff received a letter, dated October 2, 2012, from Nutter & Company, signed by the "Foreclosure Department," advising that "her file" was being turned over to Ronald R. Wolfe & Associates, PL ("RRW") to commence foreclosure proceedings ("Nutter & Company letter"). (*Id.* ¶ 43, Ex. B). On October 10, 2012, Plaintiff received a letter from RRW, dated October 4, 2012, advising her that it represented Nutter & Company with regards to the Note and Mortgage "executed by Sherrie Hampton Muhamed on ____ (sic)" ("RRW letter"). (*Id.* ¶ 46, Ex. C). The letter further advised that the $93,953.02 owed was being accelerated and that RRW was in the process of filing a complaint to foreclose. (*Id.*). On October 29, 2012, RRW, on behalf of Nutter & Company, filed a complaint for foreclosure against Plaintiff and others claiming an interest in the property in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. (*Id.*, Ex. G). RRW filed an amended complaint for foreclosure on September 25, 2013. (*Id.*, Ex. Q).

Plaintiff alleges numerous claims against RRW and sixteen attorneys from the firm

(collectively "the RRW Defendants") for violations of the FDCPA arising out of their initiation and prosecution of the foreclosure action. (*Id.* ¶¶ 13, 196-200, 211-13, 223-27, 235-41, 252, 266-67, 273, Exs. Q, R). Plaintiff also includes FDCPA claims against Nutter & Company, James B. Nutter, Jr., the owner and Chief Executive Officer, Keith Ward, the Chief Financial Officer, and Vice Presidents Bruce Huey and Al Pitzner (collectively "the Nutter Defendants"), arising out of Nutter & Company's initiation of foreclosure proceedings and the events leading up to the initiation of those proceedings, and its hiring of Safeguard Properties to manage the property on behalf of Nutter & Company.[3] (*Id.* ¶¶ 196-200, 206, 213, 223-225, 230-31, 235-40, 246-53, 264-70, 273, 280).

The Nutter Defendants and the RRW Defendants separately moved to dismiss the Amended Complaint for failure to state a claim. The individual Nutter and individual RRW Defendants also moved for dismissal for lack of personal jurisdiction over them. In the alternative, all of the Defendants requested a transfer of the case to the Middle District of Florida.

The Georgia district court found it lacked personal jurisdiction over all of the individual Defendants (Dkt. 42 (order adopting the Magistrate Judge's Report and Recommendation, Dkt. 37)). The court dismissed the claims against the individual Nutter Defendants without prejudice and denied the individual RRW Defendants' motion to dismiss without prejudice with leave to refile in the Middle District of Florida.

That court addressed the merits of Nutter & Company's motion to dismiss and found that Nutter & Company's actions in foreclosing on the property in Florida did not constitute debt collection activity because the foreclosure complaint does not contain a cause of action to obtain a

---

[3] Plaintiff appears to contend that Safeguard trespassed and vandalized the property, and stole items from inside it. (Dkt. 3. ¶¶ 208-09, 218-220, 258-59).

money judgment from Plaintiff.[4] As such, the court dismissed Plaintiff's claims stemming from Nutter & Company's prosecution of the foreclosure proceeding for failure to state a claim upon which relief can be granted. However, the court found that Plaintiff's allegations regarding the October 4, 2012 letter sufficiently alleged debt collection activity. Accordingly, the Nutter Defendants' motion to dismiss was denied as to Plaintiff's claims against Nutter & Company stemming from RRW's October 4, 2012 letter.[5]

That court transferred what remained of the case to the Middle District of Florida: Plaintiff's FDCPA claims against Nutter & Company arising out of the October 4, 2012 RRW letter and Plaintiff's FDCPA claims against the RRW Defendants. (Dkt. 42). Nutter & Company and the RRW Defendants have refiled their motions to dismiss.

## II. STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of her claim sufficient to demonstrate an entitlement to relief and to give fair notice of the grounds on which the claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v.*, 550 U.S. 544, 555 (2007). A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal

---

[4] The court held that foreclosing on a security interest is generally not debt collection activity. (Dkt. 37 at 18).

[5] Plaintiff also alleged that the Nutter Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") because they did not timely or completely respond to her qualified written requests, and they did not provide her with information she requested. The Georgia district court found that Plaintiff had no cause of action under RESPA because she is not a borrower with respect to her brother's loan and dismissed her RESPA claims.

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. DISCUSSION

Defendants make a number of arguments as to why Plaintiff's claims should be dismissed.[6] However, whether Plaintiff's remaining claims survive can be narrowed down to one issue: whether her FDCPA claims arising out of the October 4, 2012 RRW letter are time-barred.

To state a FDCPA claim, Plaintiff must allege, among other things, that (1) the defendant is a debt collector, and (2) the challenged conduct is related to debt collection. *Reese v. Ellis, Painter, Ratterree & Adams*, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012). As the Georgia district court held, foreclosing on a security interest, such as foreclosing on a mortgage of real property, without more, is not debt collection activity within the meaning of the FDCPA. *See Dunavant v. Sirote & Permutt, P.C.*, 603 Fed. App'x 737, 739-40 (11th Cir. 2015); *Hasbun v. Recontrust Co.*, 508 Fed. App'x 941, 942 (11th Cir. 2013); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. App'x 458, 460 (11th Cir. 2009). This ruling is not clearly erroneous and will not be revisited. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370-71 (11th Cir. 2003) ("[I]n a close case, a court must defer to the legal conclusion of a coordinate court in the same case; only when the legal error is beyond the scope of reasonable debate should the court disregard the prior ruling."). Accordingly, Plaintiff's FDCPA claims arising solely from the foreclosure proceedings fail and are dismissed.

The Georgia district court also held that "[w]hen a letter by a debt collector intends not only

---

[6] Rather than focusing on the portion of Plaintiff's FDCPA claims that survived its first motion to dismiss, Nutter & Company filed a twenty-six page motion, most of which repeated its arguments with respect to Plaintiff's FDCPA claims arising out of the foreclosure proceedings, including six and a half pages of abstention and preclusion arguments.

to announce an impending foreclosure but also attempts to collect the amount owed under a promissory note, the letter could be attempting to collect a debt." (Dkt. 37 at 19) (citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) and *Birster v. Am. Home Mortgage Servicing, Inc.*, 481 Fed. App'x 579, 583 (11th Cir. 2012)). As such, the court concluded that the October 4, 2012 RRW letter could constitute debt collection activity. (Dkt. 37 at 20-21 (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 & n.2 (11th Cir. 2014)). These rulings are also not clearly erroneous and will not be revisited.[7]

Defendants contend that any claims premised on the October 4, 2012 RRW letter are barred by the FDCPA's one-year statute of limitations. A FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (FDCPA claim accrues the day after a collection letter is mailed). The RRW letter is dated October 4, 2012. Pursuant to *Maloy*, claims premised on this letter accrued on October 5, 2012. Plaintiff therefore had until October 5, 2013 to file her claims. She did not file this lawsuit until November 5, 2013. It is therefore apparent from the face of the Verified Amended Complaint that Plaintiff's claims arising from this letter are time-barred.[8]

## Conclusion

Accordingly, The RRW Defendants' Motion to Dismiss Amended Complaint (Dkt. 48) and James B. Nutter & Company's Motion to Dismiss Amended Complaint (Dkt. 50) are **GRANTED**.

---

[7] Although at least one district court has concluded that a nearly identical letter was not an attempt to collect a debt, *see Diaz v. Florida Default Law Grp., P.L.*, No. 3:09-CV-524-J-32MCR, 2011 WL 2456049, at *3 (M.D. Fla. Jan. 3, 2011), this at best makes it a "close case" in which deference should be given to the legal conclusion of the coordinate court. *See Bremer*, 321 F.3d at 1370-71.

[8] Using the date Plaintiff received this letter, October 10, 2012, does not save these claims. To the extent any of Plaintiff's FDCPA claims are based on the October 2, 2012 Nutter letter, they are also time-barred.

Plaintiff's Amended Complaint is **DISMISSED** *with prejudice.* The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this *17th* day of November, 2015.

                                                JAMES D. WHITTEMORE
                                                United States District Judge

Copies to: Counsel of Record
            pro se plaintiff