## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| Sherrie Hampton-Muhamed, | ) | |
| | ) | Case No.: 8-15-cv-00608-T27TGW |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| James B Nutter & Company, et al | ) | |
| Ronald R. Wolfe & Assocs., et al | ) | |
| John Does 1-20, | ) | |
| | ) | |
| Defendants, | ) | |

## PLAINITFFS OPPOSITION TO DEFENDANTS MOTION FOR ATTORNEYS' FEES WITH INCORPORATED MEMORANDUM OF LAW AND MOTION TO DENY FEES

Plaintiff, Sherrie Hampton-Muhamed pursuant to 15 U.S.C. 1692k(a)(3) and Local Rule 3.01(b) hereby moves this court to deny the award of exorbitant attorney's fees for one motion filed by Defendants, Ronald R. Wolfe & Associates, P.L., Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, John F. Phillips,(collectively "Wolfe") and James B. Nutter and Company (Nutter) (collectively, "Defendants"). In support of Plaintiff's objection:

1. Defendants consist of 16 attorneys from Ronald R Wolfe & Assoc. (Florida law firm), James B Nutter & Co. (foreign corporation and a non –bank servicer licensed to do business in Georgia) and their attorneys, Suzanne B. Hill and Kevin R. Gowan.

2.  After exhausting all of Plaintiff's administrative remedies she entered into a contract with the Northern District of Georgia for the Defendant's violations of Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), OCGA 10-1-851 and OCGA 10-1-390.  This contract was filed to enforce my due process rights to ensure that the law was complied with in these courts, since the parties act as if they don't have to comply with the law.  Plaintiff's claim was only about the **behavior and conduct** of the defendants in their attempts to collect an erroneous debt from the wrong party.  Defendants did file a frivolous pleading in the Sarasota County Circuit Court (Case No. 2012-CA-008672-NC) and currently has two orders of contempt and sanctions against Wolfe by and on behalf of Nutter for refusing to comply with Judges orders compelling them to produce documents that would prove that Defendants had no right to come after Plaintiff for a dead man's debt or that there was even evidence to back up an "alleged foreclosure".  Wolfe willfully and intentionally committed multiple violations that invaded Plaintiffs privacy, harassed, oppressed and abused Plaintiff on behalf of Nutter.  Defendants are well aware that Plaintiff is elderly, disabled and unable to travel.  This pattern of behavior should be very familiar to the courts, since Wolfe has previously had over 200 complaints to the Attorney General filed against them for filing fraudulent documents, filing false statements and deceiving the court and are now on their third name change (Florida Default Law Group to Ronald R. Wolfe & Assocs. and now Brock & Scott, PLLC)

3.  Counsel for defendants seem to think that their Motion to Dismiss in Georgia was granted but it was not.  Wolfe's Motion to Dismiss was denied with leave to amend.  Obviously if it had been granted, the judge would not have had to allow them the chance

to amend!  Nutter's Motion to Dismiss was also denied but granted removing the indispensable parties from the case, leaving only the company.  Both Motions to Dismiss misled this court in thinking that there was a foreclosure filed against this Plaintiff when the claim was nothing about the debt- only about their behavior and conduct. I know it is common practice to deceive the court, while distorting the information, playing on the consumer's ignorance, but there is no evidence or proof to the contrary of the facts stated in Plaintiff's claim.

4.  To correct the record, Plaintiff filed an appeal for the transfer of venue _only_, but Judge Whittemore divested this court of jurisdiction stating that all of the issues should be heard on appeal.  At that time Plaintiff requested more time to add to the appeal, since she only thought the interlocutory appeal was dealing with venue.  Plaintiff being forced to move to another state to file her claim violated federal law 28 USC 1404(a) and the forum selection clause (15 USC 1692i) created by The Consumer Financial Protection Bureau.  During this process the 11th Circuit and/or the District Courts created two appeal numbers, but Plaintiff was given orders from the Georgia court that Plaintiff appealed from.  It was so confusing that even the courts did not know what to do with these two appeals.   Plaintiff was in contact with all three courts for months and eventually everything was dismissed without due process.  If  the appeal according to the 11th circuit was inappropriate then the court would not have extended her time for the appeal brief. The appeal complied with all of the elements of the 11th Circuit for an interlocutory appeal and was documented.

5.  Judge Whittemore divested this court (MDFL) of jurisdiction on May 5, 2015 and denied Plaintiffs motion to stay the response to the Motion to Dismiss until the appeal

was finalized.  It became a moot point since this court had no jurisdiction.  However, the MDFL appeal was dismissed first, but Plaintiff was still working on her appeal brief from the NDGA.  Plaintiff filed a Motion for Reconsideration on the dismissal as Judge Whittemore ordered Plaintiff to respond to the Motion to Dismiss.  At this time MDFL still did not have jurisdiction since one appeal was still open.  When this court forced the issue on the response to the Motion to Dismiss, Plaintiff requested more time which Judge Whittemore denied.  It wasn't until two days after that denial that Plaintiff's Motion for Reconsideration was dismissed and too late to respond to the Motion.  If you are confused reading this, then you can imagine how confused this simple consumer was in the midst of this mess.  None of the courts had dealt with this issue before, according to the clerks, but confusing the consumer is another FDCPA violation.

6.  Defendants counsel states that they sought leave to conduct their Case Management meeting and Plaintiff refused to attend.  Very interesting since counsel is charging for a telephonic conference along with all of the preparation. So now we have another deception or just a lie, so which is it?  Also all parties had signed and agreed to a Joint Motion to Stay the 26F Conference (Doc. 21) until after the Motion to Dismiss was ruled on, so there should not have been a conference at that point.  So did counsel decide to do this work just to bill more fees?

7.  Plaintiff was not delaying anything or ignoring her responsibility, but when this court gave up jurisdiction while the appeal was active, Plaintiff was denied the time to switch to answering the Motion to Dismiss from working on an appeal brief.  Plaintiff's inability to respond was not mandatory and she definitely would have objected, but the Claim and Motion to Dismiss should have been read in its entirety in spite of the length

and ruled on **de novo.  Why would any officer of the court that had respect for the law call an "illegal act" bizarre?**  Congress made rules that are even clear to this unsophisticated consumer and a violation of law is a violation of law.

8.  Judge Whittemore's Motion to Dismiss with prejudice was extremely harsh and discriminatory, since Plaintiffs amended complaint was the only one served on Defendants.  Plaintiff was given no opportunity to amend at least once during the course of the case and had no findings of fact and conclusions of law that could be used on appeal. Defendants were given an opportunity to amend when their first Motion to Dismiss was denied though, indicating an extreme bias to Plaintiff.  The statute of limitations cited for the Motion to Dismiss was an error because Defendants had already violated the Statute of Limitations before ever communicating with the Plaintiff – a direct violation of FDCPA.  Plaintiff filed it in her pleadings, which should have prevented Defendants from ever starting any case against the Plaintiff.

9.  In order for Defendants to state that Plaintiff failed to state a valid claim, they would have had to impeach Plaintiffs claim and provide authenticated evidence of the dispute. Defendants filed an illegal demur and went outside the four corners of the claim by pleading a foreclosure that was not part of the claim and could not be proven anyway. The Motion to Dismiss was really a Summary Judgment and Plaintiff should have been given the time and instructions to comply with the rules for responding.  The costs for the Motion to Dismiss are outrageous and should be disputed.

10. According to Congress, FTC, Consumer Financial Protection Bureau and the FDCPA these defendants are not entitled to attorneys' fees, under normal circumstances, according to 15 USC 1692k(a)(3), or it would defeat their purpose of creating a strict

liability statute with a private right of action.  No one deserves this harassment and abuse! Consumers don't belong in court with educated attorneys and this lawsuit is a last resort due to the defendants non- compliance with the law. No consumer would want to or be able to stop the illegal, unfair and deceptive practices of debt collectors and/or creditors if they were responsible for attorney's fees if they lost.  Consumers generally lose in District Court anyway, and maybe "the "rumor" that the District Court Judges were advised not to allow any pro se litigant to win in their courts" is actually true?

11. Since counsel for Defendants think their fees are reasonable, I am sure they will have no problem collecting them from Wolfe[1] and Nutter[2].  Defendants did not respond to Plaintiff's dispute of the alleged debt and by their silence and acquiescence have already agreed that they have no claim against her and will pay for all of Plaintiffs costs and fees.  So the bill should be going to Nutter and Wolfe for reimbursement.

12.  Counsel has redacted almost all of the information which makes absolutely no sense to this consumer.  They have since stated that all of the bills go to Ronald R. Wolfe even though the client they are billing is also redacted.  Defendants were not served until July 1, 2014 so why are there bills attached from November 2013 December, 2013, January 2014, February 2014, March 2014, April 2014, May 2014, June 2014?  These

---

[1] Exhibit F, Doc 3-5, pg. 16  Debt Dispute and request for validation.  "Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney's fees." Sent by Certified Mail # 7007 1490 0000 8821 0917.  Received October 28, 2012 before filing complaint and hiring process server.

Exhibit L, Doc. 3-7, pg. 2.  "This is a second reminder that your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and legal fees. Per the NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692." Copy sent to James B Nutter & Co.  Certified Mail Return Receipt # 7008-0150-0002-6978-3558, dated April 30, 2013.  Same letter sent to Wolfe on same day.

bills have nothing to do with this case and I wonder what else is wrong with the billing? What charges were actually been incurred? Why are they charging attorney's fees for research?  Until these bills have been unredacted there is no proof that these bills are legitimate and belong to this case.  Again your clients (Defendants) have agreed to cover these costs and Gowan and Hill can convince the defendants that they are legitimate.

## **MEMORANDUM OF LAW**

**I.  Plaintiff's Claim Was Brought With Clean Hands and In Good Faith and Defendants Are Not Entitled To Any Fees Or Costs From Plaintiff.  Nutter and Wolfe Have Already Acknowledged That They Do Not Have a Claim Against Plaintiff and Have Agreed to Pay All of Plaintiffs Fees and Costs.**

Instead of taking Plaintiffs claims as true, it appears that Judge Whittemore took only the defendants statements as true.  Because the judge did not establish the witness on the written record with firsthand knowledge that established the facts and law used for the decision it is a void judgment.

The only affidavits submitted in this case were rebutted and defendants did not dispute the objection.  Plaintiff's affidavits have never been rebutted and stand as fact.

*PRO SE LITIGANTS WHO VERIFY PLEADINGS BROUGHT UNDER AUTHORITY OF STATUTE CANNOT BE DISMISED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED!* A complaint signed under penalty of perjury is not frivolous, *McCormick v. Peterson CV93-2157, USDC, EDNY 1993*.   Each and every pleading done by Plaintiff was verified under the penalty of perjury. FDCPA does not authorize such an award for attorney fees because the Georgia and the Florida Courts made no finding that Plaintiff filed suit in bad faith or for the purpose of harassment, nor could they.  .  How in the world could a consumer threaten or

intimidate an attorney??

Plaintiff pays what she owes and did every administrative act she could to keep from going to court, but the Defendants ignored her good faith and clean hands when she came to court.  Plaintiff even agreed to pay the alleged debt and Nutter refused to accept it, but that was before Plaintiff found out that Nutter wasn't damaged by anyone and was not the proper party or the real party in interest.

We all know that the courts rule against unrepresented litigants, whether it is warranted or not, so why wouldn't Plaintiff use all of the information she had and attach substantiated evidence to make sure that she stated a claim upon which relief could be granted?   Obviously no one wants to read a lengthy claim, but didn't the court ever consider it was so long because of the egregious behavior and tortious conduct to document?  That does not constitute harassment or bad faith.   Officers of the court seem to take pleasure in making character assassinations and derogatory remarks about consumers when consumers are only using their god given rights to protect their money and property.

> **BAD FAITH** The opposite of "good faith," generally implying or involving actual or <u>constructive fraud</u>, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some <u>contractual obligation</u>, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Hiigenberg v. Northup, 134 Ind. 92, 33 N. E. 780; Morton v. <u>Immigration</u> Ass'n, 79 Ala. 617; Coleman v. Billings, 89 111. 191; Lewis v. Holmes, 109 La. 1030, 34 South. 66, 61 L. R. A. 274; Harris v. Harris, 70 Pa. 174; Penn Mut. L. Ins. Co. v. Trust Co., 73 Fed. 653, 19 C. C. A. 310, 38 L. R. A. 33, 70; Insurance Co. v. Edwards, 74 Ga. 230.  Black's Law Dictionary

If Nutter had corrected their mistake and not lied to Wolfe, we would not be here. But even if Nutter did lie to Wolfe, the attorneys have a duty and obligation to adequately review the file, so how could all of these educated attorneys miss the name on the note

and mortgage?  Now that is bad faith or true incompetence!  The officers of the court also had a duty and obligation to notify the tribunal of the errors and to correct them.  FDCPA is very clear that once a debt is disputed all collection activity must cease.   Plaintiff used all of the administrative remedies awarded her by the FDCPA to settle this issue out of court.  Both Nutter and Wolfe received six notices (three notices to each) and responded to none of them..   Should we discuss all of the discrimination against this elderly, disabled consumer that defendants continue to abuse, without any authenticated information to support their case??? Or Defendants threats and demands?  Or how about the burglary, theft, conversion, mail fraud and conspiracy felonies??   Who is harassing who? And breaking the law while they are doing it?

> **HARRASSMENT**  Harassment the act of systematic and/or continued unwanted and annoying actions of one party or a group, including threats and demands. The purposes may vary, including racial prejudice, personal malice, apply illegal pressure to collect a bill or merely gain sadistic pleasure from making someone anxious or fearful. Such activities may be the basis for a lawsuit if due to discrimination based on race or sex, a violation on the statutory limitations on collection agencies. The victim may file a petition for a "stay away" (restraining) order, intended to prevent contact by the offensive party.

It should be very obvious by the length of the claim and all of the evidence against defendants that their willful, intentional, egregious behavior and continued tortious conduct should have been stopped long ago and why CFPB is there to protect consumers.

## A. PLAINTIFF DID STATE MANY CLAIMS UPON WHICH RELEIF SHOULD BE GRANTED AND MOTION TO DISMISS WITH PREJUDICE IS BEING APPEALED

Plaintiff did state a claim under FDCPA by showing that she was being sued for an alleged debt by debt collectors as defined by 15 USC 1692( a)( 6) and defendants errors and omissions were prohibited by the FDCPA .*Sanz v. Fernandez, 633 F. Supp. 2d 1356*

*1359 (S.D/ Fla. 2009)*. The letter received from Wolfe said it was collecting on a note and mortgage that Plaintiff executed, which was an error based on lack of due diligence in reviewing the file.  (It does not appear that Nutter informed Wolfe that the note and mortgage were void by operation of law and could not be foreclosed).  The form letter Wolfe sent informed Plaintiff of impending foreclosure and all sums were due immediately.  The letter included collection of:  1)" the entire principle balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due," 2) "late charges", 3) "accrued interest..", 4)"other default related costs," 5)"Additional  interest will accrue after the date of this letter, " 6) If you wish to receive figures to reinstate…or pay off your loan through a specific date, please contact this law firm…"7) "This firm is attempting to collect a debt."4

Implicit demands for payment, such as these are sufficient to find a communication an attempt to collect debt.  See *Caceres v. McCalla Raymer, LLC, 755 F.3d 1299 (11th Cir. 2014)* (Finding references to collection efforts, statement about the amount of debt owed, and instructions on how to pay off one's debt as indicators of debt collection activity)[3]

Lawyers who regularly attempt to collect debt for their clients are debt collectors under the FDCPA. *Heintz v. Jenkins, 514 U.S. 291 (1995)* Wolfe identified itself as a debt collector in their communications(letters, emails  and phone calls) and stated very clearly that "Ronald R. Wolfe is a debt collector and attempting to collect a debt."

---

[3] Wolfe argued the letters contained collection-related "mini-Miranda" disclosures required by the FDCPA that do not convert such foreclosure communications into debt collection efforts.  See, e.g., Diaz v. Fla. Default Law Group, P.L., No. 3:09-cv-524-J-32MCR (M.D. Fla. Jan. 3, 2011).(finding a different ruling from an identical letter but decision was made before the 11th Circuit's ruling on Birster). More recent Southern District of Florida rulidg involving Wolfe again citing Reese and agreed it was evidence of collection efforts. See Owens v. Ronald R. Wolfe & Assocs., P.L., No. 13-61769-civ, 2013 WL6085121, at *2(S.D. Fla. June 28, 2013)

When a Motion to Dismiss is reviewed, the court is limited to the four corners of the complaint and must accept the alleged facts in the complaint as true.  *Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 495 (Fla. 4DCA 2001).*   From the beginning Plaintiff has stated that Nutter is not her creditor for this alleged loan.  15 USC 1692a(4) states that "any person who offers or extends credit creating a debt or to whom a debt is owed" is a creditor.  Plaintiff has made it very clear that there is no contract with Nutter, they did not extend her credit, they are collecting the debt for third parties,  but this issue cannot be decided on a Motion to Dismiss. *Owens, 2013 WL 6085121, at *3* (where a complaint alleges that an entity named in a letter to the plaintiff is not a crediotr under the FDCPA, the complaint has stated a claim under 15 USC 1692a(4). See also *Bourtt v. Rubin Lublin, LLC, 674 F3d. 1238, 1241 (11th Cir. 2012*); *Shoup v. McCurdy & Chandler, LLC 465 F. App'xx 882 )11th Cir. 2012.)*

Some of the information in the case above *(Davies v. Wolfe, 4 DCA 502013AP00071)* is identical to this case, including the letter sent, the same Defendant law firm and the same counsel representing Wolfe along with the same argument and Motion to Dismiss. Plaintiff did meet the elements of stating a claim which included who did what, when they did it, how they did it, where they did it, who they damaged, the general damages, the law violated and the witness with first hand knowledge that can testify under oath. What else does the court want to state a claim, if that is not enough?

"Wolfe's argument that the dismissal should be alternatively affirmed based upon litigation privilege or the statute of limitations is without merit.  Both of these grounds are affirmative defenses.  Affirmative defenses cannot form the basis of a dismissal for failure to state a claim unless the statement of claim "affirmatively and clearly shows" the

applicable defense conclusively bars the action. *Alexander Hamilton Corp. v. Leeson, 508 So. 2d 513 (Fla. 4th DCA 1987)."* Extensive explanation of how the statute of limitations was violated by defendants is noted below.

This court considered matters not of record based on the un-sworn, undocumented theories and conclusions of counsel. "It is improper for the court to look beyond the complaint to decide a motion to dismiss . . . . unless it were treating the motion as one for summary judgment . . . . even had the court treated the motion as one for summary judgment, it would have been **incorrect** to base the decision on allegations in briefs." Statements of counsel in brief or in argument are not sufficient on a motion to dismiss or for summary judgment." - *Trinsey v. Pagliaro,* D. C. Pa. 1964, 229 F. Supp. 647.

"The trial court was deprived of subject matter jurisdiction to dismiss a pro se litigant's petition without first informing the pro se litigant of defects in pleading and opportunity to repair. The court contravened United States Supreme Court Doctrine established in *Haines versus Kerner* that regardless of what may appear to be insufficiencies in a pro se litigant's pleadings, pro se litigants are entitled to present evidence in support of their claims."

Burden to show **legal** insufficiency of petition is on party moving for dismissal, and **motion to dismiss for failure to state a claim must separately state each omission or defect in petition; if it does not, motion shall be denied without hearing**. Trial court "shall" grant leave to amend a defective pleading if the defect can be remedied, **the duty is mandatory**. Regardless of the sufficiency of their pleadings, *pro se* litigants are entitled to opportunity to offer evidence in support of their claims and the court errs where the court dismisses the *pro se* litigant's claim without informing the *pro se* litigant

of necessary reparations to their pleadings. See *Haines v Kerner*, 404 U.S. 519-421 and *Hall v Bellmon* 935 F.2d 1106 (10th Cir. 06/03/1991). See also *Platsky v. C.I.A.* 953 F.2d. 25,  *Reynoldson v Shillinger* 907 F.2d 124, 126 (10th Cir. 1990); and *Jaxon v Circle K. Corp.* 773 F.2d 1138, 1140 10th Cir. 1985).

Implicit in the right of self-representation is an obligation on the part of any court to make reasonable allowances to protect *unrepresented* litigants from inadvertent forfeiture of important Rights because of any lack of formal legal training. See *Traguth v. Zuck, 710 F.2d 90, 95 (2nd Cir. 1983); Hoffman v. U.S., 244 F.2d 378, 379 (9th Cir. 1957); Darr v. Burford, 339 U.S. 200 (1950).*"The court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Mortisugu,* 222 F.3d 99, 112 *(2d Cir. 2000)* (internal quotation marks and citation omitted);  see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## B.   STATUTE OF LIMITATIONS VIOLATIONS ONLY APPLIES TO DEFENDANTS AND NOT THE PLAINTIFF

This Motion to Dismiss is being based on statute of limitations and the only party that has violated state and federal statutes are the *defendants*.  Nutter violated the statute long before Defendants used this affirmative defense in a Motion to Dismiss.  Defendants attempt to collect a debt on time barred data is also a violation of FDCPA. Defendants have not only violated the probate statute of limitations for Florida estates (Fl. Stat. 733.710), but also the statute of limitations on any debt not expressed  in Florida Statute 95.11. Plaintiff had a probate attorney that notified the known creditors (Nutter being known) and filed the publication according to the Florida statutes in October, 2008.  The

creditors' claims cannot be barred except under section 733.710. In Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 489-91 (1988), the United States Supreme Court held that where a creditor is known or reasonably ascertainable, that creditor's claim may not be barred merely by publication of the notice to creditors. Claims of known or reasonably ascertainable creditors of an estate who were not served with a copy of the notice to creditors are timely if filed within two years of the decedent's death. See *Jones v. Golden SC13-2534 (Oct. 2015)*. Section 733.710 provides, in relevant part: -

> Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.

Other Florida Statutes of Limitation 95.11(3)(p) -Without a written contract Florida only allows four years to collect on an alleged debt and two years on a probate issue. The defendants waited more than four years to notify consumer that they were going to pursue debt collection activities, as evidenced by their letter of October 4, 2012. The borrower died on September 8, 2008. Defendants were given a death certificate and executor papers by the consumer/executor and received notice from the probate attorney and publications referencing this action October, 2008 so the earlier date in the statute should have been used. Since it wasn't enforced at that time, 733.710 bars defendants from collecting the debt after September of 2010.

According to the reasoning used to dismiss the case – it makes no sense, since sending a letter cannot be a violation that would harm a consumer Maloy and Mattson used to support Judges decision shows how these cases do not apply to Plaintiffs

dismissal in a recent Second Circuit Case, "The problem with [using the date on the letter as a starting date is] this approach is that it creates an anomaly: the FDCPA claim accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit.  However, It is a "general principle of law" that "a cause of action accrues when conduct that invades the rights of another has caused injury. When the injury occurs, the injured party has the right to bring suit for all of the damages, past, resent and future, caused by the defendant's acts." *Leonhard v. United States*, 633 F.2d 599, 11 613 (2d Cir. 1980) BENZEMANN, v. CITIBANK N.A., 14-2668 2$^d$ Cir. August, 2015, published 11/16/15,( pg.8).

Before the attempted service of the summons, Plaintiff had no "complete and present cause of action" against defendants.  See *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445–46, 448 (5th Cir. 2013) (in context of allegedly unlawful debt collection suit, holding that plaintiff's cause of action accrues when defendant effects service, not when she files a lawsuit; "no harm  immediately occurs" because of filing alone*).*  "Unless Congress has told us otherwise in the legislation at issue, a cause of action does not become  'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief ." *see also Bay Area Laundry & Dry Cleaning Pension Tr.*13 *Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 201 (1997)  We see no indication in the text of Section 1692k(d)  that Congress  intended for the FDCPA's statute of limitations to begin to run before an FDCPA plaintiff could file suit.  We find it implausible that the Congress that passed the FDCPA intended to create such an anomalous result. *Id*. at 8-9

In Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002), the Tenth Circuit expressed

a similar concern in the context of allegedly unlawful debt collection suits. Id. at 1113. In holding that an FDCPA violation "occurs" in that context when the plaintiff is served, as opposed to when the complaint is filed, the court noted that if the statute of limitations began to run when the complaint was filed, the debt collector "could effectively block any action under the federal statute by filing suit and then delaying service." *Id*. at 1114. Here, there is a similar concern that linking the statute of limitations to the sending of the notice would shorten the already limited amount of time that FDCPA plaintiffs have to file suit. The Court also found no indication in the text of the FDCPA that Congress intended the statute of limitations to run before an FDCPA plaintiff could file suit". *Id*. 10 Here, the sending of the notice is analogous to the filing of a complaint. In both cases, {Plaintiff and Benzemann] one might argue that the debt collector's conduct is a "violation" of the FDCPA in and of itself.  But [also like] the Serna and Johnson courts nevertheless held that the FDCPA violation did not "occur" for purposes of  Section 1692k(d) until the plaintiff had a complete cause of  action  under the  FDPCA and notice of the violation, i.e., when the plaintiff was served." Id. at 12.

By analogy with this lawsuit, the FDCPA violation here did not "occur" until Plaintiff was improperly served with the lawsuit on November 7, 2012 and within the one year statute of limitations, because it was only then that plaintiff had a complete cause of action and notice of the FDCPA violation, 1692 g(b).  Plaintiff had sent the dispute of the alleged debt, requested validation and verification from the original creditor within the 30 days given to her in the letter and Wolfe received it before they filed and served the lawsuit giving them another chance to do the right thing.

## THERE IS NO IN REM FORECLOSURE OR ANY FORECLOSURE

1.   In order for defendants to do a foreclosure in Florida they would first have to comply with Florida Statues and prove that they filed a suit that was well grounded in fact and warranted by existing law and they have not.

2.   Wolfe Defendants failed to plead and prove that they even represent James B Nutter & Co. through a contract;  failed to plead and prove Nutter is the real party in interest and has standing to sue in Florida;  failed to plead and prove the real party in interest is in possession of the  original unaltered, endorsed, authenticated promissory note;  failed to prove the chain of title to that promissory note and that the names on the note and mortgage match along with the party receiving the payment stream as required by Florida Statutes; failed to plead and prove damages in fact as authenticated by an employee at the time of the transaction certifying  the account and general ledger statement that a deficiency is owed to their alleged client; failed to plead and prove that Plaintiff had a duty to Nutter and as stated above failed to prove the factual sufficiency of the claim to establish jurisdiction over the subject matter ever existed.

3. Nutter by and through Wolfe have admitted that they are only servicer/debt collector collecting a debt for HUD/investors, but Nutter by and through their attorneys deceived the court and Plaintiff into thinking they were the creditor, owner and Holder in Due Course and nothing could be further from the truth.

4.   The securitization audit attached to the file proves that Nutter never consummated this loan and Bruce Huey has stated under oath that Nutter have no documents in their possession or control.

5.   Wolfe by and on behalf of Nutter filed forged documents into the county records.

## ATTORNEYS FEES AND COSTS ARE UNREASONABLE AND SHOULD BE DENIED

A party must prevail on the merits before being considered a prevailing party. "Because Defendants, at least at this point, did not prevail on the merits, they should not be entitled to costs and attorney fees, _Ryan v. Dep't of Soc. & Health Servs., 171 Wn. App. 454, 476, 287 P.3d629 (2012_). Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, _Trinsey v. Pagliaro, D. C. Pa. 1964,229F.Supp.64."_   A party who is asking for a judgment cannot have the help of the court if he/she has done anything unethical in relation to the subject of the lawsuit.

The following quotes are from the Amicus Curiae to the Supreme Court in support of Consumer Olivea Marx v. General Revenue Corporation, 11-1175, after appeal from the 10th Circuit.

This ruling is more applicable to Plaintiffs claim.   Defendants in this case did not offer to settle anything with Plaintiff.  In good faith, Plaintiff communicated with the Defendants six times in an effort to settle the issue out of court.   Instead by the Defendant's intentional dishonor with Plaintiff and by ignoring the disputes and request for verification, Defendants have agreed that there is no claim between Nutter and Plaintiff and Nutter and Wolfe have agreed to pay all Plaintiff's costs associated with their debt collection. See also footnotes 1 and 2.

**OCGA 24, Chapter 4, Section 23 (24-4-23) In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them. OCGA 24, Chapter 3, Section 36 (24-3-36) Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission.**

"The Court of Appeals in the 10th Circuit erred in concluding that Federal Rule of

Civil Procedure 54(d)(1) authorizes a court to tax costs against a consumer who files a good-faith FDCPA enforcement action.  The text of Rule 54(d)(1) makes clear that, if the federal statute under which suit is brought establishes a cost-shifting standard different from the one contained in the Rule, the statutory standard will control.  The specific cost-shifting provision applicable to FDCPA enforcement actions, 15 USC 1692k (a)(3) displaces Rule 54(d)(1)'s default standard with respect to private suits in which the defendant ultimately prevails."

**Rule 54(d)(1) does not authorize courts to tax costs against good-faith plaintiffs**

"Congress enacted the FDCPA to curtail abusive debt-collection practices.  See 15 USC 1692 (a) and (e); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich Pa, 130 S.Ct. 1605, 1608 (2010).  The primary way in which the Act deters and remedies such practices is by authorizing affected consumers to bring private enforcement actions against debt collectors who violate the Act's substantive requirements.  See S. Rep. No. 382, 130 S. Ct. at 1624, The Act's private enforcement provision, 15 USC 1692k, accordingly creates "statutory incentives to encourage self-enforcement," while expressly guard(ing) against abusive lawsuits."  Jerman 130 S. Ct. at 1260, 1624, is particularly relevant here, the provision encourages self-enforcement by awarding both attorney's fees and costs to a prevailing consumer, while discouraging unjustified litigation by permitting district court to tax costs and attorney's fees against Plaintiffs who sue" in bad faith and for the purpose of harassment." 15 USC 1692k(a)(3)

Congress had good reason not to allow District Courts to tax costs against good-faith FDCPA Plaintiffs. The Acts goal of deterring and remedying abusive debt-collection practices depends upon the willingness and ability of consumers affected by those

practices to bring private enforcement actions. .See *S. Rep. No. 382, 95th Cong, 1st Session, 5 (1977)*; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1624 (2010).* A rule that authorized prevailing defendants to recover their costs as a matter of course would therefore create a significant disincentive to the prosecution of private enforcement actions.

## THE FDCPA DOES NOT PERMIT TAXATION OF COSTS AGAINST PLAINTIFFS WHO FILE SUIT IN GOOD FAITH, EVEN IF THE DEFENDANT ULTIMATELY PREVAILS.

"In the case of any successful action, "the consumer's recovery will include "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 USC 1692k(a)(3). That sentence supersedes Rule 54(D)(1) by making an award of costs to a prevailing FDCPA Plaintiff MANDATORY rather than discretionary.  See 10 Moore § 54.101(1)(c), at 54-160 (Observing that some federal statutes "mandate***an award of costs in particular circumstances, removing the court's discretion under Rule 54(d)(1)"). It mandated cost awards in all FDCPA cases where the plaintiff prevails, while making awards of costs to prevailing defendants available only in **narrow** circumstances.

## ALLOWING COURTS TO TAX COSTS AGAINST GOOD-FAITH FDCPA PLAINTIFFS WOULD SUBVERT THE BALANCE STRUCK BY CONGRESS BETWEEN ENCOURAGING PRIVATE ENFORCEMENT AND DETERRING ABUSIVE SUITS.

Many consumers who believed in good faith that their FDCPA rights had been violated would reasonably conclude, after performing that cost benefit analysis that the uncertainties associated with litigation would render the pursuit of legal remedies unwise. *Cf. Christianburg, Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)* ("No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely

predictable.")  Under the existing statutory scheme, however, an FDCPA Plaintiff who brings an enforcement action in good faith **is not liable for her opponent's costs, even if the action is ultimately unsuccessful.**"

## CONCLUSION

Based on the foregoing facts, Defendants have failed to dismiss the claim on its merits, failed any attempt to validate the alleged debt and or verify a sworn statement from the original creditor that Plaintiff has any contract or obligation with Nutter, Plaintiff respectfully moves the court for an order to deny the attorney fees as Plaintiff's obligation.  Defendants have stated that they agree to cover any of Plaintiff's expenses and fees so the issue should be dealt with through the individual Defendant parties.

Dated: January 18, 2016

Respectfully submitted,
Without recourse, all rights reserved

 /s/Sherrie Hampton-Muhamed
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone:  (404) 786-6291
Fax:  770-978-0207
cmrsinc@comcast.net

## VERIFICATION OF MOTION

Under penalty of perjury, I declare that I am the Plaintiff in the above-entitled matter, I have read the Notice and the facts alleged therein are true and correct to the best of my knowledge and belief.

Dated: January 18, 2016                          Respectfully submitted,

                                                      /s/Sherrie Hampton-Muhamed

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone:  (404) 786-6291
Fax:  770-978-0207
cmrsinc@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2016, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system. I hereby certify that I have this day

caused a copy of the foregoing MOTION to be e-filed in this matter to the following:

SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
KEVIN R. GOWEN, II, ESQUIRE
Florida Bar No. 0900621
E-Mail: kgowen@rumberger.com
RUMBERGER, KIRK & CALDWELL

/s/Sherrie Hampton-Muhamed
Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404) 786-6291
cmrsinc@comcast.net